JOHNSON, BY HIS NEXT FRIEND, Appellant, v. NOBLE *et al.*, Respondents.

1. An infant can not be a party plaintiff in a statutory proceeding for partition.

*Appeal from Buchanan Court of Common Pleas.*

Petition for a partition of real estate by Levi Johnson, an infant, by his next friend, R. H. Wrinkle. A demurrer to the

Johnson v. Noble.

petition on the ground of the incapacity of the plaintiff to sue as a party plaintiff in a suit for partition was sustained.

*Vories*, for appellant.

Scott, Judge, delivered the opinion of the court.

It is obvious, from the tenor of the plaintiff's petition, that this is an attempt to do by means of the process in partition what can only be done by a direct proceeding, instituted for that purpose. The petition takes it for granted that, if a judgment for partition is rendered, it will result in a sale of the premises sought to be divided. No one can be blind to the selfish and interested motives which often prompt applications for the partition of lands, in which the rights of infants are concerned. Such applications usually terminate in a sale, whereby their lands are sacrificed and passed away to those who have been instrumental in bringing about a division of them. It is a rule of law that a guardian can not convert the real estate of his ward into personalty. Courts of chancery can authorize such conversions under particular circumstances. Chancellor Kent says the power resides in a court of chancery to change the property of infants from real into personal, and from personal into real estate, whenever it appears to be manifestly for the infant's benefit. (2 Kent, 242.) We all know how orders in partition for the sale of land are obtained. The commissioners appointed to make partition listen to the suggestions of the interested; in many cases, never go upon the land to be divided; and, if it is the desire of the parties, they report, as a matter of course, that a partition in kind can not be made, and an order of sale follows. By this means, the rights of infants are sacrificed, as there is usually no one to be found to protect their interests when the sale is made. Courts can not be too sedulous in watching the rights of infants in these proceedings; for they are made the means by which thousands of the helpless and unprotected are defrauded of their patrimony.

When applications are made in a direct proceeding to con-

17—VOL. XXIV.

vert real into personal estate, the courts should be satisfied, from the purest and most disinterested sources, that it is beyond all doubt manifestly for the interest of the infant that it should be done.

In our opinion, the statute does not contemplate that an infant should be a plaintiff in partition. It is no answer to say that he may be made a defendant, and thus a partition may be obtained. If an evil can not be entirely checked, that is no reason for multiplying the facilities by which it may be effected. The present case affords an instance in which the opinion we give will be productive of some benefit. The sixth section of the act to provide for the partition of land and personal property, approved December 1, 1855, provides that a copy of the petition and notice shall be served on all those who shall not have joined in the petition, *and on the guardians of such as are minors* or of unsound mind. From the language of this section, it would seem that it was not designed that the guardians of minors should be among those who could join in the petition as plaintiffs. The petition and notice are required to be served on all guardians without exception. It was not contemplated that they should join as plaintiffs like other parties, but that they should be served with notice. (See Gallatin v. Cunningham, 8 Cow. 364.) We do not consider that there is any thing contained in sections 3, 8, 12, 51, 52, 53, of the act concerning partition but what is entirely consistent with the construction we have put upon the 6th section of the act. Judge Ryland concurring, the judgment will be affirmed.