THORNTON *et al.*, Plaintiffs in Error, v. THORNTON, Defendant in Error.

1. Infants may be made parties plaintiff in statutory proceedings for partition. (Johnson v. Noble, 24 Mo. 252, overruled.)
2. Infants can not appear by attorney; they may appear by guardian.
3. An interlocutory judgment in an action for partition, ascertaining the rights of the parties and appointing commissioners, &c., can not regularly be rendered, without the consent of the defendant, at the first term at which he is bound to appear.

### Error to Washington Circuit Court.

*Frissell*, for plaintiffs in error.

I. A sale in an entire thing. If void or voidable in part, it is void or voidable as a whole. The judgment is irregular and void as to the infants and Brunk and wife, for the reason that they were not in fact parties before the court. The judgment then is void, and the sale under it a nullity. (11

N. H. 299; Hall v. Williams, 6 Pick. 247; 12 Johns. 434; 5 Wend. 161.)

*T. C. Johnson*, for defendant in error.

I. The circuit court could not set aside the sale on a mere motion, except for causes originating after the judgment, such as the misconduct of the sheriff, or unlawful combination of purchasers. Even then a purchaser would not be affected unless he was cognizant of the official misconduct or participated in the combination. (Neal v. Stone, 20 Mo. 294.) The purchasers are not affected by the motion unless they had notice of it. The record does not show such a notice. (16 Mo. 173.) The want of authority in the attorney to use Brunk's name and the infancy of five of the petitioners can not be urged against the sale. At most they would make the judgment erroneous. The sale would still be good. The court therefore should have overruled the motion to set aside the sale. The judgment is, however, good and valid and ought not to be disturbed. The suggestion of Brunk by affidavit that his name was signed to the petition without his knowledge or consent, is not sufficient to authorize the court to disturb the judgment. There is no irregularity in the joinder of the infants as parties plaintiff.

RICHARDSON, Judge, delivered the opinion of the court.

This was a proceeding for partition of real estate between the widow and representatives of John Thornton, deceased, commenced in December, 1854. The petition begins—" To the honorable circuit court of Washington county : Your petitioners, John Thornton, Jackson Thornton, John Jennings and Catherine his wife, John Brunk and Mary his wife, Mary Thornton, Thomas Hopson, Catharine Hopson his wife, and James Thornton, Elizabeth Thornton, Cynthia Thornton, Margaret Thornton and Daniel Thornton, by their guardian—the five last named being minors, under twenty-one years of age—say that they are the owners in common and in fee with Joseph Thornton, who is absent in California

and does not join in the petition," &c. ; but the name of the guardian of the infants is nowhere stated, and it does not appear that they had any. The petition purports to be signed by the adult parties, but it is not signed by the attorney, nor by the infants, nor by their guardian, nor any other person for them. The affidavit is made by Mr. Perryman, as attorney for the petitioners, and there is endorsed on the petition a memorandum signed by him that he consented to act as next friend for the minors ; but it nowhere appears that his appointment as such was ever requested, or that he was ever appointed by any court or officer. The record states that an order of publication, which had been previously made, was duly proved, and at the April term of the court, 1855—which we suppose was the first term after the petition had been filed—there was a judgment ascertaining the rights of the parties and appointing commissioners. At the following October term, the commissioners made a report which resulted in an order of sale, and at the April term, 1856, the land was sold by the sheriff, pursuant to the order, for one-tenth of the purchase money in hand and the residue on a credit of twelve months ; and at the ensuing term in October, Brunk, one of the parties, whose name appears to the petition, filed his motion, supported by his affidavit, to set aside the sale made at the previous term, because his name had been signed to the petition without his knowledge or consent, and he had no notice of the proceedings, and also because the infants, who are represented as appearing by guardian, had no guardian in fact. The court set aside the sale as to the interest of Brunk and his wife and the minors, and overruled the motion as to the other parties.

It is not shown that the purchasers had notice of the motion to set aside the sale ; but notice to them was not necessary, as the irregularities in the proceedings were such as affected the validity of the judgment ; and as their title would have been insecure, perhaps, even in a collateral proceeding, it was to their interest, before the purchase money was paid, that the sale, as to all the parties, should be set aside.

We think it is no objection that the infants were joined as plaintiffs; but they could not appear by attorney, and they did not appear by guardian or next friend. The petition is not signed by them or by any person in any capacity whatever for them, and they only appear as parties to the proceedings by the caption to the petition. Infants can only sue by guardian or next friend; and if these infants had no guardian, one could have been appointed for them before the commencement of the suit, under the ample provisions of the statute for that purpose; (R. C. 1845, tit. Partition, sec. 54;) and the endorsement by Mr. Perryman on the petition that he consented to act as their next friend amounted to nothing.

It was also irregular to try the case at the first term of the court at which the defendant was bound to appear without his consent, and as he never appeared, it can not be presumed that he consented. (Smith v. Davis, ante, p. 298.)

It is stated in the brief of the counsel for the purchasers that the main ground on which the court acted in setting aside the sale was, that the infants could not unite as plaintiffs in a proceeding for partition, and his argument is chiefly directed to that view of the subject. If that was the only objection, the judgment and sale under it would be valid. The provisions of the partition law of 1845 that affect this question have been in force for more than thirty years, and it is believed that the practice has generally prevailed, according to circumstances, in several of the cicuits, not only to join infants by their guardians as petitioners, but to unite as petitioners all the parties in interest. Many of the oldest and most experienced members of the bar have pursued this course, and have given a practical and cotemporaneous construction to the statute, so that the practice has worked itself into the records and judgments of the courts, which have become the muniments of title on which repose the security of the homes and fortunes of a large portion of the community. We recognize the propriety of maintaining the stability of the decisions of this court, especially where rights

have been acquired on the faith of them; and though we do not concur in the reasoning or conclusion of the opinion in the case of Johnson and Noble, 24 Mo. 252, we would not be inclined to disturb it if we did not believe that it has shaken confidence in the titles to a vast amount of property acquired in good faith, and under proceedings conducted in the usual way.

The first section of the partition act of 1845 provides that when any lands, tenements or hereditaments shall be held in joint tenancy, tenancy in common, or coparcenary, it shall be lawful for any one or more of the parties interested therein to present a petition to the circuit court of the proper county, and, though the fifth section directs that a copy of the petition and notice shall be served on all parties interested who shall not have joined in the petition, and on the guardian of such as are minors or of unsound mind, it does not say that infants by their guardians may not be joined. Indeed it would require language not susceptible of a doubtful construction to warrant such a conclusion, since by the general law infants in all other civil cases can sue as plaintiffs by their guardian or next friend. The scope of the act shows it was intended that infants should be represented by their guardians either as plaintiffs or as defendants; hence the 54th section provides that it shall be lawful for the circuit court, for any of the purposes of the act, before or after any proceedings by virtue thereof, to appoint a guardian for any minor, and such guardian, for all the purposes of the act, shall have the same power as any general guardian. It seems that proceedings may be commenced against an infant before the appointment of a guardian; hence the power to appoint after proceedings; but if an infant can only occupy the position of defendant, the power to appoint a guardian before proceedings is entirely useless, and full effect can only be given to the statute by the construction that the power to appoint beforehand is to enable an infant to join in the petition. The statute suggests the natural order of events; if the infant is to be a plaintiff, he must appear by guardian;

and if he has none, one must be appointed before he begins the suit; but if he is a defendant, a guardian may be appointed after the proceeding is begun.

The policy is very obvious that requires the guardian to have notice that proceedings are on foot which affect the land of his ward; but how is it material whether he occupies the position on the record as plaintiff or as defendant? A guardian appointed under the authority of the 54th section has the same power as a general guardian, and the 53d section declares that guardians of minors appointed according to law are authorized in behalf of their respective wards to do and perform any matter or thing respecting the division of any land as directed by the act, which shall be binding on the ward, and deemed valid to every purpose as if the same had been done by such ward after his disabilities are removed. This comprehensive language, without the aid of any other section, seems sufficient to clothe the guardian with power to initiate proceedings for partition on behalf of his ward.

It is the duty of every minister of the law to watch with jealous care the rights of infants; but human wisdom has not yet succeeded in providing a shield that will protect the weak and innocent against the strong and the crafty, and it is not perceived how infants are more exposed to robbery or treachery when they are plaintiffs, than when they are defendants. If an infant has no other means of support but an undivided interest in real estate, it is often of great importance to him to have the power of forcing a partition and of securing the separate enjoyment of his share; for, whilst it is held in common with an obstinate co-tenant, it would not be productive in yielding a ground rent, or in any other manner; and to deny him the right to have a partition would drive him to want or to an application to the county court for the sale of his interest, and in that way produce the very result dictated by the cupidity of his tenant in common.

The doctrine of Johnson and Noble can do no good in preventing for the future any of the mischief apprehended in

the opinion, because the general assembly, in the next month after the opinion was delivered, not impressed with the sense of danger entertained by the court in allowing infants to be plaintiffs in partition, enacted that "when any minor is interested in any real estate in which there are other parties holding undivided interests, it shall be lawful for the guardian or curator of such minor to file a petition for the division and partition of such real estate." (Sess. Acts, 1856-7, p. 83.) We think that this legislation was unnecessary, and that it is not to be inferred from it that the right it expressly gives did not exist before, but the object was to put at rest any doubt on the subject.

The views we have taken of this case renders it unnecessary to notice the objection of Brunk that the appearance for him was without his authority. The judgment will be reversed and the cause remanded. The circuit court will see that the instalment of the purchase money is refunded, and will set aside the sale and judgment, with leave to the plaintiffs to amend the petition.

All the judges concur in the judgment here given, but Judge Scott adheres to the opinion in Johnson v. Noble.