## WAUGH, Appellant, v. BLUMENTHAL, Respondent.

1. Infants may be plaintiffs in statutory proceedings for partition.
2. The act of February 21, 1845, [R. C. 1845, p. 764,] providing for the partition of land, &c., authorized the joinder of all the parties in interest as parties plaintiff in a statutory proceeding for partition. [Bompart v. Roderman, 24 Mo. 385, overruled.]

*Appeal from St. Louis Land Court.*

This was an action of ejectment for a portion of a block of ground in the city of Carondelet. The plaintiff was obliged to make title through a judgment and sale in a partition suit, commenced under the partition act of February 21, 1845, in which all the parties were petitioners, and some of them were minors who appeared in the suit by guardian. At the trial the plaintiff offered in evidence the record of the partition suit and also the sheriff's deed to himself, having previously traced the title up to the parties to the partition proceeding. The defendant objected to the record of the partition suit and the sheriff's deed, and specified the following objections and no others : 1st, that all the parties to said partition suit were petitioners, and that therefore the same was an *ex parte* proceeding not authorized by law and so a nullity ; 2d, that all the petitioners in said suit except one were minors under the age of twenty-one years and appeared in said suit by guardian. It was admitted that said record and deed were regular and sufficient in every particular except those above specified. The court excluded said record and deed on the ground that they were void for the reasons above stated. The plaintiff took a nonsuit, with leave, &c.

*Bennett, Field* and *Primm,* for appellant.

I. The record and deed were admissible. (See Thornton Thornton, 27 Mo. 302.)

*F. A. Dick,* for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

This case presents only two propositions, which are, first, whether a judgment rendered in a partition proceeding is void, so that it can be collaterally assailed, on the ground that all the parties in interest united in the petition ; and second, whether it is void because some of the petitioners are infants who appeared by guardians. The second proposition was discussed and expressly decided in the case of

Thornton v. Thornton, 27 Mo. 302, and some of the reasons given in support of the judgment in that case intimated the opinion of the majority of the court on the first question that arises in this case.

In suits at common law there are opposing parties, usually designated by the names of plaintiff and defendant; but an action, in its general sense, is a proceeding for the purpose of having determined, by the judgment of a court, a real controversy between parties; and, on this idea, our statute regulating practice in civil cases (R. C. 1855, p. 1283) permits parties to a question in difference, which might be the subject of a suit, to agree upon a case containing the facts upon which the controversy depends, and to present a submission of the same to any court which has jurisdiction of the subject matter. The proceeding for partition of land in this state is statutory, and may be said to be in many respects *sui generis*; and as the practice of uniting as petitioners all the parties in interest has been indulged in for many years and in many cases affecting large estates, we think, even conceding that the practice is not strictly conformable to ancient technical rules, that it would be unsafe, as no injustice can result from it, to attempt to reform it merely to vindicate a technical rule, at the expense of sweeping away the only foundation that supports the titles to a large amount of valuable property, which has been acquired and improved and passed from hand to hand in good faith and in perfect confidence in the regularity of such proceedings. In our opinion, however, the practice is sanctioned by the statute. The first section of the partition act provides that when any lands, &c., shall be held in joint tenancy, tenancy in common or coparcenary, it shall be lawful for any one or more of the parties interested therein to present a petition to the circuit court of the county wherein the land is situated for a division and partition of such premises according to the respective rights of the parties interested therein, and for a sale thereof if it shall appear that partition can not be made without prejudice to the owners. The second section directs that the peti-

tion shall particularly describe the premises sought to be divided or sold, and shall set forth the rights and titles of all parties interested therein, including tenants for years, for life, by the courtesy, or in dower, and of persons entitled to the reversion, remainder or inheritance, and of every person who upon any contingency may be or become entitled to any beneficial interest in the premises; and the third section declares that every person having any such interest as is specified in the preceding section " *may be made a party to such petition.*" The language is not, that all persons interested in the premises may be made parties to the *proceeding*, for they must be parties to it before they can be affected by it; but that they may be parties to the petition, not as defendants but as petitioners. The act contemplates that in some instances all the parties interested would not join in the petition, and hence the fifth section provides that in such cases a copy of the petition with notice that it will be presented to the court shall be served on all parties interested, *who shall not have joined in the petition.* The fifth section performs no function when all the parties unite in the petition, for as it is declared in the third section that all persons interested in the premises may join in the petition, the fifth section can only apply to cases in which some of the parties interested in the land sought to be divided decline or refuse to unite in the petition.

Judge Napton concurring, the judgment will be reversed and the cause remanded.