CHARLES T. LARNED AND PHILOMENA LARNED, HIS WIFE, Appellants, *v.* WILLIAM RENSHAW, JR., Respondent.

*Partition—Guardians and Curators.*—Infants interested in lands may join as parties plaintiff, by their curator, in seeking a partition; and when all the owners of the land agree, they may all join as plaintiffs in seeking a partition *ex parte.* (Thornton v. Thornton, 27 Mo. 303, and Waugh v. Blumenthal, 28 Mo. 462, approved.)—Larned v. Whitehill, S. P., affirmed.

*Appeal from the St. Louis Land Court.*

*Broadhead,* for appellants.

The proceeding in partition was void. This was a proceeding under the act of 1835, R. C., similar to the provisions of the present law. The parties interested all joined; there was but one attorney for all; the three minors appear by their curator Beckwith. This was no suit, not even a proceeding in partition. Our Supreme Court has decided, in case of Waugh v. Blumenthal, 28 Mo. 462, that the proceeding in partition is *sui generis;* not a suit, but a proceeding, and that it may be *ex parte.* But we contend that it must be by parties competent to act in their own right, and infants cannot join in partition. (Johnson v. Noble, 24 Mo. 252.) The statute of 1835, however, under which this proceeding was had, does not give the right to sue by curator, but by guardian. (R. C. 1835, p. 426, § 36.) This right to sue by curator was never given till 1857 (Sess. Acts, p. 83). The person of the party must be in court; the guardian represents the person, the curator the property.

*Krum & Decker,* for respondent.

I. This court decided, in the case of Thornton et al. v.

Thornton, 27 Mo. 303, that infants may be made parties plaintiff in statutory proceedings in partition. The case now at bar is within the rule and principle decided in Thornton et al. v. Thornton. If the rule in that case is adhered to, its dispose of the question in this case.

In support of the rule laid down in the case quoted, we submit the following rules from elementary writers, and also a series of adjudications made in analagous cases, viz:

Coparcenary is not distinguishable from tenancy in common in U. S.—4 Kent, 367.

In equity, an infant could be plaintiff and be as much bound as an adult—Allnott, 104.

Parceners at common law could make partition by parol —Allnott, 125.

But under American law, and under our own statute, tenants in common and joint tenants may be compelled. There is no real difference between coparcenary and tenancy in common under American law—4 Kent, 367, & ante.

Such partition by guardian, or curator, will bind if equal —Allnott, 29.

II. The proceedings in partition were not void—5 Ohio, 243; 4 Ills. 104; 5 Ills. 364; 4 Dana, 429; 14 Ohio, 228; 5 Ohio, 243; Swan, Ohio Stat. 593.

Our Supreme Court does not decide them to be void either in 24 Mo. 252, or id. 385.

If not void, they are conclusive of the rights of parties in this case—8 Metc. 596; 8 N. H. 393; 4 Ills. 104; 5 Ills. 364; 4 Dana, 429; Allnott, 27, 28; Co. Litt. 171.

WAGNER, Judge, delivered the opinion of the court.

The only question presented by the record in this case is, whether the proceedings and judgment in the partition suit of Thomas F. Smith and his infant children were valid and binding. No other question was raised in the court below by the instructions of the appellants, and nothing else was passed on, and that alone will be reviewed here.

The proceedings in partition were had under the provis-

ions of the revised statute of 1835, which is in substance similar to the present law. The petition was signed by Smith in his own proper person, and the minors appeared by their curator, Beckwith. They all joined as plaintiffs, and the whole proceeding was *ex parte*.

It is contended by the counsel for appellants, that, the parties being all plaintiffs, there was no suit; that although an action for partition may be *ex parte*, yet it must be by parties competent to act in their own right, and that infants cannot voluntarily join; that the person of the party must be in court, and that the guardian represents the person, the curator the property; and that the statute of 1835 does not give the right to sue by curator, but by guardian.

The distinction here taken between guardian and curator, we think, is more artificial than real, when applied to the question involved in this case. Undoubtedly there is a line of demarkation existing between them, and they perform separate functions; they may respectively be committed to different persons, though both are frequently joined in the same individual. A curator is a person who has been legally appointed to take care of the interests of one who, on account of his youth, or defect of his understanding, or for some other cause, is unable to attend to them himself. In the civil law, the term curator is employed for guardian, but by the common law a guardian is one who has been lawfully invested with the care of the person of an infant. Both are the representatives of their interest. By the R. C. of 1835 it is provided that "all guardians and curators shall be allowed to prosecute and defend for the minors, in all matters committed to the care of such guardians and curators, respectively, without further admittance, in the several courts of this State," and this provision has been incorporated in all the subsequent revisions. It is true, by the 36th section of the act concerning partition, in the Laws of 1835, the term " guardians " is alone used, where an authorization is expressed, empowering them to appear on behalf of their wards, to do and perform any matter or thing re-

specting the division of lands, tenements, or hereditaments, which shall be deemed as valid as if the same had been done by the ward, after his disabilities had been removed.

But after the decision in this court in Johnson v. Noble, holding that an infant could not be a party plaintiff in a statutory proceeding for partition, the Legislature passed an act providing that "when any minor is interested in any real estate in which there are other parties holding undivided interests, it shall be lawful for the guardian, or *curator*, of such minor to file a petition for the division and partition of such real estate" (Sess. Acts 1856–7, p. 83) ; and Judge Richardson, commenting on this act, said : "We think that this legislation was unnecessary, and that it is not to be inferred from it that the right it expressly gives did not exist before, but the object was to put at rest any doubt on the subject. (Thornton v. Thornton, 27 Mo. 302.)

No doubt seemed to be entertained whatever by the court about guardians and curators having the same powers, and standing on the same foundation, as regards their appearance in court in partition cases, and this we believe has been the general opinion of the profession.   The right of the infant to appear by guardian or curator was never questioned, so far as we are advised, till the decision of Judge Scott in Johnson v. Noble, 24 Mo. 252, denying that an infant could be a party plaintiff.   Again, it was decided by the same learned judge, in Bompart v. Roderman, 24 Mo. 385, that the law in relation to partition did not authorize the joinder of all the parties in interest as parties plaintiff to the petition ; that there should be a party defendant as well as a party plaintiff, otherwise the proceedings would not be a suit for partition, under the law; and being unauthorized, would be null and void as a judicial proceeding.   But both of the above cases, Johnson v. Noble and Bompart v. Roderman, were overruled in this court by the cases of Thornton v. Thornton, *ubi supra*, and Waugh v. Blumenthal, 28 Mo. 462.   It is noticeable, however, that neither of the foregoing cases was concurred in by a full bench.   In the two former, Justice Ryland con-

curred in the opinions delivered by Judge Scott, and Leonard, J., was absent; whilst in the two latter, Judge Napton concurred in the opinions of Judge Richardson, and Scott dissented.

The proceeding in this State for partition is strictly statutory, and cannot be governed by the technical rules regulating actions at law. The first section of the code of 1835 (and it is the same by the codes of 1845 and 1855) enacts, that where any lands, tenements or hereditaments shall be held in joint tenancy, tenancy in common, or coparcenary, it shall be lawful for any one or more of the parties interested therein to present a petition to the Circuit Court of the county wherein such lands, tenements or hereditaments lie, for a division and partition of such premises, according to the respective rights of the parties interested therein, and for a sale thereof, if it shall aapear that partition cannot be made without great prejudice. And in subsequent sections ample provision is made for bringing in parties interested as defendants, where they did not join, or their consent could not be procured as plaintiffs. The plain, obvious, and intelligible meaning of the act is, that persons interested may be parties as petitioners. And where they all are competent to act, and are desirous of a division, no reasonable objection can be urged for this course of procedure. They voluntarily come into court, and submit themselves to its judgments; their rights and interests are regularly adjudicated by due course of law, and we are unable to perceive that any grievance or injustice can result therefrom.

The law concerning proceedings in partition, and the titles acquired under judgments rendered thereon, ought not to be doubtful or unsettled. The law and practice of the courts, it is believed, have been uniform throughout the State, as to joining infants as plaintiffs, and conducting the suits *ex parte*, where all the parties interested acquiesced and voluntarily came within the jurisdiction of the court. This practice has become firmly imbedded in the judicial annals of the State, and may be considered as a settled rule

of property. On the strength of it, immense amounts of property have been acquired in good faith, and to hold this practice and these proceedings void, would be productive of irreparable mischief. We are entirely satisfied with the reasoning and the decisions in the cases of Thornton v. Thornton and Waugh v. Blumenthal.

The judgment is affirmed. The other judges concur.