The State ex rel. Rice v. Cayce.

THE STATE *ex rel.* RICE *et al.* v. CAYCE *et al.*

1. **Sheriff, Official Acts of:** BOND. A sheriff, who by consent of the parties in interest, receives payment of the purchase money of land sold under a judgment in partition, before the time the same is due and payable under the order of sale, will be deemed to have received it in his official capacity, and the sureties on his bond are liable for his default in paying it over to the persons entitled to it.

2. **Guardian of Minor, Authority of.** The consent of a guardian of a minor that the sheriff shall so receive the purchase money before the expiration of the time of credit named in the order of sale is binding on the ward.

3. **Penalty:** SHERIFF: MONEY COLLECTED ON EXECUTION: STATUTE. The five per cent. penalty allowed against a sheriff and his sureties under Revised Statutes, sections 2403 and 3378, on money collected on execution, which the former has failed to pay over to the persons entitled to the same, does not begin to run until a demand has been made.

4. The institution of a suit against the sheriff is a demand.

*Appeal from St. Francois Circuit Court.*—HON. J. D. Fox, Judge.

REVERSED.

*Smith & Krauthoff*, with *William Carter*, for M. P. Cayce *et al.*, on their appeal.

(1) If Faherty had no authority to empower McMullin to receive the money, the latter's act in receiving it was unauthorized. *Blair v. Ins. Co.*, 10 Mo. 566; Brandt on Sur. and Guar., secs. 483, 484; *State v. McDonough*, 9 Mo. App. 63. (2) Faherty, as guardian, had the power to employ agents to transact the business of his ward, to execute all instruments necessary to the fulfillment of his trust, being responsible to his ward for the exercise of due diligence and prudence. Schouler's Dom. Rel., secs. 318, 346, 381; *Roger's Appeal*, 11 Pa. St. 36; *Wynne v. Benbury*, 4 Jones Eq. 395; *Glover v. Glover*, 1 McMull. 153. In the case at bar, he assumed the authority and all the parties to the arrangement acted upon it. If he did not, in fact, have the authority he claimed, these defendants, as we have already shown, cannot for that reason be made liable for the consequences of his act, and no principle of law or consideration of an equitable nature is violated in placing the loss upon him who set in motion the arrangement which caused it, instead of upon these defendants, who are "favorites of the law." But there is another ground upon which the ruling of the court now in question must be held erroneous. Although the plaintiffs were tenants in common in the lands sold, their interest in the note given for the residue of the purchase money was joint. *Penn v. Butler*, 4 Dall. (Pa.) 324; *Bowes v. Seeger*, 8 Watts and S. 222; *Saltmarsh v. Rowe*, 10 Mo. 39, 48. And being so, the act of any one of the parties plaintiff, which operated as a release of the liability of these defendants, was a release of that liability as to all of the plaintiffs. Any one of them injuriously affected by such release must look to his co-plaintiff, but cannot compel these defendants to make good the loss. *Pierson v. Hooker*, 3 Johns. 68, 70; *Erwin v. Rutherford*, 1 Yerg.

169, 173, 174, *et seq.* ; *Austin v. Hall,* 13 Johns. 286 ; *People v. Keyser,* 28 N. Y. 226, 228 ; *Clark v. Cable,* 21 Mo. 223, 225. No complaint is made of the judgment against the defendants for the ten per cent. of the purchase money received by McMullin, *as sheriff,* but the judgment in favor of Faherty, guardian and curator, for the interest of his ward, is erroneous and must be reversed.

*Smith & Krauthoff,* with *William Carter,* for Cayce *et al.,* respondents.

(1) Sureties on a sheriff's bond are not liable for any but official acts of their principal, and if, by the acts of the parties in interest, by agreement with other parties, directions to the sheriff, or otherwise, the execution of the order of sale was meddled or interfered with, or the duties of the sheriff in executing it, changed, the result cannot be visited upon these sureties. *Nolley v. Callaway County,* 11 Mo. 447 ; *St. Louis v. Sickles,* 52 Mo. 122 ; *Prior v. Kiso,* 81 Mo. 281 ; Murfree on Sheriffs, secs. 45, 82, 942 ; *People v. Pennock,* 60 N. Y. 421 ; *Ry. v. Higgins,* 58 Ill. 128 ; *Carey v. State,* 34 Ind. 105. (2) The act of the sheriff in receiving the money was not an official act. *Hamilton v. Ward,* 4 Texas, 356 ; *Thomas v. Browder,* 33 Tex. 783 ; *Rudd v. Johnson,* 5 Litt. (Ky.) 20 ; *Turner v. Collier,* 4 Heisk. 89 ; *Craig v. Gravis,* 4 J. J. Marsh. 603 ; *Alcorn v. State,* 57 Miss. 273.

*John H. Nicholson* for Matilda Rice *et al.,* appellants.

(1) Whatever money is received by the sheriff during his term is received by color of his office, and his neglect or failure to pay it over constitutes a breach of his bond, for which the sureties are liable. *State, etc., v. McCormick,* 50 Mo. 568. (2) Even if it be true that the plaintiffs consented to the sheriff's collecting and paying

the money over to them, less eight per cent., before the end of the year, yet this does not amount to consent on the part of the plaintiffs to the use or conversion of the money by the sheriff. (3) Neither the minor nor the married women, nor any one else for them could consent to the premature collection of the balance of the purchase money by the sheriff in violation of the terms of the order of sale, so as to estop such minor and married women from instituting suit on the sheriff's bond for the recovery of the money wrongfully converted by him. An estoppel *in pais* is not applicable to minors and married women. *Lowell v. Daniels*, 2 Gray 161, 168; *Bemis v. Call*, 10 Allen 512, 517; *Merriam v. Boston, etc., Ry. Co.*, 117 Mass. 241, 244; *Rannells v. Gerner*, 80 Mo. 474. (4) The institution of this suit amounted in law to a demand of the money due plaintiffs, and they were consequently entitled to a penalty of five per centum per month on the amount due them, computed from the time of commencing suit. 1 R. S., 1879, secs. 3378, 2403. Hence the court erred in refusing instruction number six, asked by plaintiffs, and in giving instruction number four, asked by defendants. (5) As shown by instruction number seven, given by the court at the instance of plaintiffs, the court found that co-plaintiff, Matilda Rice, did not sign the letter written to sheriff McMullin, hence the court erred in rendering judgment against said co-plaintiff. (6) Where the conversion of money is alleged in the petition, it is unnecessary to allege demand of payment and refusal. And they need not be proved where failure of demand is not set up in the answer. *Battel v. Crawford*, 59 Mo. 215. (7) The sheriff had power, as sheriff, to receive the purchase money and make deed to the purchaser, but doing so before the time mentioned in the order of sale, amounted to nothing more than a mere irregularity. The deed was made at the same time he received the purchase money; if he did not receive the purchase money as sheriff, he did not

make the deed as sheriff; both were, or were not, official acts. ·

*John H. Nicholson* for Faherty, guardian of Lewis Delassus, respondent.

The sheriff had the authority to receive the money arising from the partition sale, but received it before the same by the terms of the note became due. He so received it in his official capacity, *virtute officii.* The note was made payable to the sheriff, as such, and not to him in his individual capacity. He could collect the note and receive payment for it only in his official capacity. All the cases make a distinction between those in which the officer, as such, has no power or jurisdiction at all to do the act, and the cases where he has the power to do the act itself, but does it in an improper or unlawful manner, or at an improper or unlawful time. In the latter case, the sureties are liable, and this case falls within the rule making them liable,

HENRY, C. J.—This is an action against Cayce *et al.,* as sureties on the official bond of W. S. McMullin, as sheriff of St. Francois county, to recover $1,210, with interest and statutory damages. The money was received by said sheriff on a sale of lands in a partition proceeding, the order of sale requiring ten per cent. of the purchase money to be paid in cash, and the residue in twelve months. The sale was made the nineteenth of May, 1880, and ten days thereafter, Patterson, the purchaser, paid for the land the $1,210 bid by him, and received a deed from the sheriff. The receipt of the money at that time, was by agreement between the parties entitled to it, and the sheriff and Patterson, and it is contended by the defendants, and so the court declared, that the sheriff did not receive the money in his official capacity, but as the agent of the plaintiffs, except as to Lewis Delassus, a minor. In this we think the court erred.

The sheriff had no authority to receive the money, except as sheriff. The agreement between him and the parties was not his authority for receiving the money, but only constituted an excuse for not strictly complying with the terms of the order of sale. Nor do we agree with the court that Lewis Delassus was not bound, equally with the others, by the agreement made on his behalf by his duly appointed guardian. Section 3346, Revised Statutes, provides that: "The guardians and the curators of the estates of minors and persons of unsound mind, appointed according to law, are hereby authorized, in behalf of their respective wards, to do and perform any matter or thing respecting the division of any lands, tenements, or hereditaments, as herein directed, which shall be binding on such ward and deemed as valid to every purpose, as if the same had been done by such ward after his disabilities are removed."

The institution of this suit was a demand of the money, and plaintiffs were entitled to damages, at the rate of five per cent. per month from that time, in addition to interest. Sections 2403 and 3378, Revised Statutes. Section 2403 provides, that if an officer collect money under an execution and does not pay the same according to law, he shall be liable to the person entitled thereto, with interest, and damages at five per cent. per month from the date of such demand, to be recovered by civil action, or by motion against the officer and his sureties, in the court before which such suit is returnable. Section 3378 provides that "the sheriff and his sureties shall be responsible on his official bond for his acts, in all cases under this chapter, and for the notes, bonds or money collected or received by him, and he may be compelled to account for and pay over the same, in the same manner as in cases of money collected on execution."

This latter section is found in the chapter relating to *partition*. Until demand, the five per cent. per month penalty or damages does not begin to run, but the institution of a suit is a demand, and the sureties, if they

see proper, can then pay the money and escape the penalty.

The judgment is reversed and the cause remanded. All concur.