The State v. Harper.

THE STATE OF MISSOURI *ex rel.* T. C. HEY, Public
Administrator, Respondent, v. JAMES P.
HARPER *et al.*, Appellants.

Kansas City Court of Appeals, May 15, 1893.

1. **Partition**: PROCEEDS OF SALE: DESCENT OF. Where real estate is sold for partition, the proceeds of the sale do not remain real estate and descend to the heir, but pass to the administrator.

2. ———: ———: DAMAGES FOR DETENTION OF. A special commissioner appointed to make sale of real estate in partition must pay five per cent. per month for detention of the proceeds of sale after demand therefor.

*Appeal from the Jackson Circuit Court.*—HON. R. H.
FIELD, Judge.

AFFIRMED.

*K. M. DeWeese* and *Karnes, Holmes & Krauthoff,*
for appellants.

(1) The relator, Fred C. Hey, is not the proper party to maintain this action. The partition suit was brought for the purpose of dividing the land, and the sale which was ordered in the circuit court was a conversion of the land only for the purposes of division and the money; the proceeds of that sale remained real estate and descended to the heir, and did not pass to the administrator. 2 Story's Equity Jurisprudence [13 Ed.] sec. 1214*a; Durando v. Durando,* 23 N. Y. 331, 335; *Nortin v. Bradham,* 21 S. C. 375, 384. It is true that the contrary rule seems to have been made in the case of *State ex rel. Hounsom v. Moore,* 18 Mo. App. 406. But in that case the question was not argued, and we submit the case is not well considered, and is not supported by the cases to which it refers, and ought to be overruled as

being contrary to principle. (2) There is no law authorizing interest in a case like this at the rate of five per cent. per month. We understand the plaintiff to rely in this regard upon Revised Statutes, 1889, sections 4965 and 7188. It is not pretended that any other authority existed for calculating interest at any such rate and we respectfully submit that no authority for the same can be found in the sections quoted.

*Adams & Windiate,* for respondent.

(1) This action was properly brought. The administrator, and not the heirs of E. C. Peppard, is entitled to the proceeds of the sale in partition. *State ex rel. v. Moore,* 18 Mo. App. 406, and cases cited; *Jacobus v. Jacobus,* 37 N. J. Eq. 17. (2) The court below properly rendered judgment for interest at the rate of five per cent. per month from its date. Revised Statutes, 1889, sec. 4965, 7171, 7188; *The State ex rel. v. Cayce,* 85 Mo. 456.

SMITH, P. J.—One E. C. Peppard, a non-resident of Missouri, was the owner of an undivided one fourth of a certain tract of land in Kansas City, Missouri. In 1882 a partition suit was begun in the circuit court of Jackson county, Missouri, by W. L. Reid and Albert M. Winner, the owner of the other three fourths, against said E. C. Peppard, who was brought into the case as a non-resident by order of publication. The land was not susceptible of division and a sale of the same was ordered for the purpose of partition. The defendant, James P. Harper, was by the circuit court appointed a special commissioner under the statute for the purpose of making such sale, which he did. The distributive share of said E. C. Peppard from the proceeds of said sale amounted to $322.22. Defendant Harper, as such

commissioner, executed a bond with the defendants, D. Ellison, W. L. Reid and Albert M. Winner, as sureties. E. C. Peppard never called for his money. For the period of seven years he was never heard from, and the presumption of his death obtained. The relator, Fred C. Hey, as public administrator of Jackson county, Missouri, took charge of the estate of said Peppard and proceeded to administer the same. The present suit is an action on said bond at the relation of said administrator. The defendants assail the judgment on the grounds that upon the record the judgment which was for relator is erroneous, and that the petition fails to state facts sufficient to constitute a cause of action.

The principal contention of the defendant' is that the relator Hey is not a proper party to maintain the action. In support of this it is argued that the partition suit was brought for the purpose of dividing the land, and the sale which was ordered in the circuit court was a conversion of the land only for the purposes of division, and the money, the proceeds of the sale, remained real estate and descended to the heir, and did not pass to the administrator.

The question thus presented is decided in the negative by the case of *State ex rel. v. Moore*, 18 Mo. App. 406, and to the ruling there made we feel constrained to adhere notwithstanding the plausible grounds upon which its soundness is called in question by the learned counsel for defendants. It has now been about eight years since that decision was announced, and its soundness so far as we know has never before been questioned in this state, and, since it has practically become a rule of property, we can discover no sufficient reason why it should be overthrown and another rule, the soundness of which is not entirely free from doubt, substituted in its stead.

Construing sections 4965 and 7188, Revised Statutes in the light of the decision of the supreme court in *State ex rel. v. Cayce*, 85 Mo. 456, and it seems to us plain enough that the relator is entitled to recover interest at the rate of five per cent. per month after demand.

It follows that the judgment will be affirmed. All concur.