THE STATE OF MISSOURI *ex rel.* FRED C. HAY, Public Administrator, Respondent, v. JAMES P. HARPER *et al.* Appellants.

Kansas City Court of Appeals, February 19, 1894.

1. **Trial Practice**: CORRECTING JUDGMENT. After the lapse of the term at which the judgment was rendered, it cannot be corrected and reformed on motion.

2. **Appellate Practice**: RE-EXAMINATION OF FORMER JUDGMENT. In order to have the appellate court pass upon the question whether it will re-examine and correct its former rulings in a case, such case must have been again tried and brought up in accordance with proper procedure.

*Appeal from the Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

AFFIRMED.

*R. H. Field* for appellant.

(1) Court has power at a subsequent term, and it
is its duty on motion of either party, to correct its
judgment as to any error appearing on the face thereof.
*Turner v. Benoist*, 50 Mo. 145; *Nave v. Todd*, 83 Mo.
601; *Babb v. Bruere*, 23 Mo. App. 604; *Evans v.
Fisher*, 26 Mo. App. 541; *St. Louis to use, etc., v. Allen*, 53
Mo. 44; Revised Statutes, 1889, section 5974. (2) The
supreme court has frequently changed its rulings, even
in the same case on second appeal. The doctrine of *res
adjudicata* of the law of a case is not enforced without
exception. *Sprague v. Rooney*, 104 Mo. 349; *Kiley v.
Kansas City*, 87 Mo. 103; *Keith v. Keith*, 97 Mo. 224;
*Hamilton v. Marks*, 63 Mo. 167.

*Robert Adams, Jr.* and *Thos. D. Windiate* for
respondent.

(1) The motion to correct the judgment, after the
term at which it was rendered, was properly overruled
by the circuit court. If it was error to impose the five
per cent a month until the judgment was paid, it was a
judicial error of the trial court, and to warrant a review
by this court, the attention of the trial court should
have been called to the alleged error by appropriate
motions, and an appeal taken at the term at which the
motions were overruled. It is not such an irregularity
(if any existed) as could be entertained by the trial
court after the term had lapsed. *Jones v. Hart*, 60 Mo.
351; *Childs v. Railroad*, Supt. Court, Mo., 23 S. W.

Rep., number 9, p. 373. (2) The decision of this court, when the case was here before, that plaintiff is entitled to receive five per cent. per month upon his judgment, became the law of this case, and obligatory, not only upon the court below, but also upon the appellate court. It is not the reasoning by which the court arrived at its decision but the judgment itself, which is conclusive of the question, and which has thereby become *res judicata*. *Choteau v. Gibson*, 76 Mo. 38; *Brewing Co. v. Levvie*, 41 Mo. App. 584, 588; *Dodge v. Gaylord*, 53 Ind. 365, and cases cited; *Lucas v. San Francisco*, 28 Cal. 591; *Rountree v. Turner*, 36 Ala. 555; *Hawley v. Smith*, 45 Ind. 183; *Braden v. Graves*, 85 Ind. 92; *New York Life Ins. Co. v. Clement*, 77 Va. 366; *Miller v. Cook*, 77 Va. 806; *Camden v. Winnger*, 7 W. Va. 528; *Roberts v. Cooper*, 20 How. 467; *Supervisors v. Kennicott*, 94 U. S. 498, and cases cited.

ELLISON, J.—Defendant was appointed a special commissioner in partition for the purpose of making a sale of some lands. He sold the lands and failed to pay over to plaintiff's intestate the amount due him. An action was instituted on his bond as such commissioner and judgment rendered for the plaintiff. The judgment was "for the said sum of $549.70, the said damages assessed aforesaid with interest thereon from this day at the rate of five per cent., per month, together with costs of suit." An appeal was taken from this judgment, one of the alleged errors relied upon for reversal of the judgment being the allowance of the interest as specified in the judgment. This court affirmed the judgment (54 Mo. App. 286). Afterwards, in July, 1893, after the lapse of several terms, defendant begun the present proceedings by motion in the trial court to correct and reform the aforesaid judgment by striking out that portion award-

ing five per cent. interest. This motion was overruled and defendant has again appealed to this court.

The question presented is, can defendant, after the lapse of the term at which the judgment against him was rendered, have such judgment corrected in the manner indicated? We think not. The trial court in construing sections 4965 and 7188, Revised Statutes, 1889, gave judgment in behalf of plaintiff and against the defendant for the interest aforesaid, and though it be conceded that such judgment was the result of an improper construction of the statute, yet it was an erroneous ruling or judgment and like other errors of law which trial courts may commit in the trial of causes, should be corrected by proper appellate procedure. See *Jones v. Hart*, 60 Mo. 351, and *Woodridge v. Quinn*, 70 Mo. 370.

It is unnecessary to consider other suggestions made by defendant, since conceding to his contention the right and duty of an appellate court to re-examine and correct an erroneous ruling which it may have made on a former appeal in the same case, yet in order to do so the case must, of course, be properly brought to the court. In this case the judgment was affirmed by this court which had the effect of finally determining and closing all matters pertaining to any errors committed by the trial court. If the cause had been remanded for another trial and again brought here by defendant in accordance with the proper procedure for such purposes, his point as to the right and duty of the court to re-examine and correct rulings made on the former appeal would be in such shape as to be passed upon.

The judgment is affirmed. All concur.