Nicholas Thomas PHELPS and Juanita Phelps Zans, Respondents,

v.

Milton H. DOMVILLE and Rita C. Domville, J. E. Bridges, Trustee, L. B. White, Homer C. Strohm and Rose M. Strohm, F. H. Smith, Dora Williamson Murdock, Agnes Murdock, and Elroy Murdock, Glenn D. Smith and Vivian Smith, Lyman L. Murdock, Sr., Stanley E. Gregg, Trustee, A. Ralph Young, Jr., Trustee, James C. Noel, doing business as Noel Insurance Agency, Arthur L. Pugh and Alice E. Pugh, Charles E. Schultz and Ruby J. Schultz, G. Dennis Sullivan, J. W. Elliott and Cora Elliott, T. N. Taylor and Mabel M. Taylor, Elmer W. Ahmann, Jr., George H. Ackerly and Ella A. Ackerly, W. B. Davis and Beulah D. Davis, William Kemp, Patrick H. McGraw and Della McGraw, Carl L. Worden and Darlene Worden, Woodrow Owings, Henrietta Owings, and Frank Cooper, Ed. E. Warren and Mary Warren, Anthony M. Tilley and Mildred Garnett Tilley, Lester J. Burton and Myrtle E. Burton, Fred H. Smith and Sarah G. Smith, Elmer Bradley, William D. Moore and Artie B. Moore, and Jessie L. Donaldson, Eddie Pfiefer and John Baker, Louis Martin Kemp and Betty M. Kemp, Appellants.

No. 44560.

Supreme Court of Missouri,
En Banc.

June 10, 1957.

Rehearing Denied July 8, 1957.

Rufus Burrus, James L. Gillham and Reginald A. Smith, Independence, Russell W. Maloney, David W. Barry and Meyer, Smith, Wetzel & Barry, Kansas City, and Charles A. Lee, Jr., St. Louis, for appellants.

Terrance W. Imes and Walter A. Raymond, Kansas City, for respondents.

STOCKARD, Commissioner.

Nicholas Thomas Phelps and Juanita Phelps Zans, brother and sister, filed this action June 4, 1951. The petition was in three counts. Count I was to determine and quiet title to certain described real estate, consisting of approximately 135½ acres, in which plaintiffs claim an undivided three-fourths interest by inheritance. By

agreement of the parties and on order of the court a separate trial was held on count I, and on this appeal we are not concerned with the issues in the other two counts. The defendants claim the whole of different portions of the described real estate under a sale in partition proceedings and mesne conveyances. The trial court found the issues for plaintiffs, and adjudged and decreed that they are the owners of an undivided three-fourths interest in the described real estate (with the exception that plaintiff Juanita Phelps Zans was decreed to have no interest in a tract consisting of 93/100ths of an acre), and that the named defendants are the owners of the remaining undivided interests in specifically described portions of said real estate. Defendants have appealed.

Plaintiffs are the grandchildren of Lillie A. Phelps who died in 1898, intestate, seized with the fee simple title to the land involved. She was survived by Nicholas Hocker Phelps, her husband, and their two children, Nicholas Gregg Phelps and William Joseph Phelps. At the death of his wife, Nicholas Hocker Phelps received a life estate by curtesy consummate and the two children received the undivided remainder in fee. Nicholas Gregg Phelps died in 1901 leaving as heirs his father and brother. Thereupon the father, Nicholas Hocker Phelps, acquired one-half of his deceased son's interest which being merged with his life estate therein became an undivided one-fourth interest in fee. William Joseph Phelps, the surviving brother, then acquired an additional one-fourth remainder in fee, or a total of three-fourths.

William Joseph Phelps married Ruby Stevenson, and of this marriage there were born the two plaintiffs, Juanita on December 27, 1924, and Nicholas Thomas on April 2, 1927. William Joseph Phelps died on May 9, 1938, intestate, and no administration was commenced on his estate. Surviving him were the plaintiffs, who received their father's interest by inheritance, and also his widow, Ruby, who received a dower

interest, being a one-third interest for life in the undivided three-fourths interest of plaintiffs, all being subject to the outstanding curtesy of Nicholas Hocker Phelps.

On September 9, 1939, Ruby Phelps filed suit against Nicholas Hocker Phelps, Juanita Phelps and Nicholas Thomas Phelps to partition the real estate. This case was designated as *No. 92,501*. On September 13, 1939, Nicholas Hocker Phelps filed suit in the same court against Ruby Phelps, Juanita Phelps and Nicholas Thomas Phelps to partition the real estate. This case was designated as *No. 92,510*. Juanita and Nicholas Thomas were minors. Personal service was had on all the defendants in each case.

The only pleading filed to the petition of Ruby Phelps in case No. 92,501 was a demurrer on behalf of Nicholas Hocker Phelps on the ground that the petition failed to state a cause of action. The only pleading filed to the petition of Nicholas Hocker Phelps in case No. 92,510 was a demurrer on behalf of Ruby Phelps on the ground that another action was pending between the same parties for the same cause.

On June 3, 1940, James F. King filed a petition in case No. 92,501 for appointment, and, pursuant to what is now Section 528.-010 (all statutory references are to RSMo 1949, V.A.M.S.), was by the court appointed guardian ad litem for Juanita and Nicholas Thomas Phelps, the minor defendants. No pleading was filed on behalf of said minors.

On June 3, 1940, an interlocutory decree in partition was entered in case No. 92,501, in which the interests of the parties were stated as last above set out, and, after reciting its finding that partition could not be had in kind, the court appointed Emil J. Milani as special commissioner to sell the real estate. The special commissioner sold the land for $4,000 to Leo E. Swenson and Mary Swenson. On July 30, 1940, the court entered its order confirming said sale and providing for the distribution of the

proceeds, after the payment of costs, as follows: Nicholas Hocker Phelps, $1,699.-36; Ruby Phelps, $550.20; Juanita Phelps, $508.22; and Nicholas Thomas Phelps, $508.22. However, the court decree directed that "the amounts due said Juanita Phelps and Nicholas Thomas Phelps shall be paid to Ruby Phelps their Guardian as soon as she has been appointed and qualified." Upon application, the Probate Court of Jackson County appointed Ruby Phelps curator of the estates of Juanita and Nicholas Thomas. The application was joined in by Juanita, who was then over 14 years of age. Ruby Phelps received from the special commissioner the $1,016.44 due her wards, and the probate records show that the curator was discharged after all the money had been paid for authorized expenses of plaintiffs. There is no contention that there was any fraud on the part of anyone in connection with the partition proceedings, that the amount received by plaintiffs was inadequate or inequitable, or that Ruby Phelps as curator did not spend plaintiffs' share of the money for the benefit of plaintiffs.

On July 30, 1940 the special commissioner deeded the real estate to Leo E. Swenson and Mary Swenson, the successful bidders at the partition sale, and on the same day they deeded the property to Nicholas Hocker Phelps and Emma C. Phelps for a recited consideration of $1.00 and other good and valuable consideration. It is by subsequent conveyances that the several defendants acquired their respective interests in the land.

 The partition proceedings were held pursuant to what is now Section 528.-030, but under this section the holder of a dower interest or other life estate may not compel a partition of his interest from that of the remaindermen or reversioners. Bragg v. Ross, Mo.Sup., 139 S.W.2d 491; Duncan v. Duncan, 324 Mo. 167, 23 S.W. 2d 91; Byars v. Howe, 311 Mo. 14, 26, 276 S.W. 43, 46; White v. Summerville, 283 Mo. 268, 223 S.W. 101. At the time

the order of partition was entered in case No. 92,501, the only interest of Ruby Phelps in the land was that of a dower interest subject to the outstanding life estate of Nicholas Hocker Phelps. She had only an interest contingent upon her surviving the life tenant. She held no existing undivided tenancy susceptible of being parceled between herself and any cotenant so as to become a several holding of each. Noyes v. Stewart, 361 Mo. 475, 235 S.W.2d 333, 336. Although the owner of dower usually had the right to have the dower set off in kind (see Section 469.250 et seq., V.A.M.S. c. 475 Appendix, now repealed, Laws of Missouri 1955, page 385), or when not susceptible of division in kind the owner was entitled to the yearly value thereof for life (Section 469.320, V.A.M.S. c. 475 Appendix, also now repealed, supra), we do not find that there was authority for a judicial sale, under the compulsion of the owner of dower, of all the land subject thereto so that the value of the dower interest could be paid in money. See White v. Summerville, 283 Mo. 268, 223 S.W. 101, 103. Therefore, partition of the real estate in case No. 92,501 at the compulsion of Ruby Phelps was unauthorized. It is by reason of this that plaintiffs contend that the judgment in the partition proceedings and the sale by the special commissioner are void and subject to the collateral attack made in this proceeding.

Defendants contend that the judgment for partition is not void because Nicholas Hocker Phelps was entitled to partition the land, and the two cases [No. 92,501 and No. 92,510] were consolidated. Defendants contend that by this procedural consolidation the partition was had upon the request of one who was entitled to force partition of the land.

 Four days after case No. 92,501 was filed by Ruby Phelps, case No. 92,510 was filed by Nicholas Hocker Phelps. He was the owner of a one-fourth interest in the fee and he had the right to compel partition of the fee subject to his life estate.

Atkinson v. Brady, 114 Mo. 200, 21 S.W. 480, 35 Am.St.Rep. 744; Carson v. Hecke, 282 Mo. 580, 222 S.W. 850; Virgin v. Kennedy, 326 Mo. 400, 32 S.W.2d 91. Ruby Phelps, properly, was named therein as a party because every person having any interest in the land, whether or not in possession, "shall be made a party to such petition," Section 528.060. Express provision is made for setting off a widow's dower, Section 528.240, or when an assignment of dower and partition of the lands cannot be made without great prejudice to the owners, the court may order the sale of the land; including the dower interest, Section 528.-340, which shall constitute "a firm and effectual bar" to any widow who may be a party to the proceedings against any dower or right of dower which she might have had in and to the premises sold. Section 528.420.

The interlocutory decree of June 3, 1940, in case No. 92,501 recited that the adult parties appeared in person and by their respective attorneys, "and come the defendants Juanita Phelps and Nicholas Thomas Phelps by their guardian ad litem, James E. King, heretofore appointed by this court, and it being agreed among all the parties hereto that the court may enter a decree of partition as prayed in plaintiff's petition, and it being further agreed by and between all parties concerned that the real estate described in plaintiff's petition is not susceptible of division in kind and the court having heard the evidence and being fully advised in the premises, doth find that all parties hereto are properly in court for this proceeding." In the final judgment approving the sale of the land it is recited that "by agreement of all the parties proceedings were had in this case [case No. 92,501] and said action No. 92,510 was held in abeyance and at the mutual request of all parties has been dismissed." The record of case No. 92,510 shows that it was dismissed for want of prosecution.

It is clear that there was no consolidation of the two cases as that term is now used in legal procedure. But, it is also equally clear that there was a consolidation of the parties demanding partition in case No. 92,-501, and that Nicholas Hocker Phelps became as much of a moving party requesting partition as was Ruby Phelps. He had pending another suit for partition in the same court in which he was entitled to proceed, and when we take a realistic and practical look at what happened as revealed by the record in case No. 92,501, it is evident that by reason of the agreement to hold case No. 92,510 in abeyance and to proceed in the suit initiated by Ruby Phelps, and by reason of the finding of the court that "all parties are properly in court *for this proceeding,*" it was the intention of the court and the parties that Nicholas Hocker Phelps became a party demanding partition in case No. 92,501. The existence of this intent is clearly established by the subsequent fact that in the order confirming the commissioner's sale, the trial court allowed attorney fees to the attorneys of Nicholas Hocker Phelps to be taxed as costs in the case as well as fees to the attorney of Ruby Phelps, which fees were allowable only to the "attorney or attorneys bringing the suit." Section 528.530.

A proceeding for partition is strictly statutory, Larned v. Renshaw, 37 Mo. 458, 462, and although pleadings and proceedings are governed generally by rules applicable to ordinary civil actions, Bock v. Whelan, Mo.Sup., 30 S.W.2d 607, a partition proceeding is not entirely comparable with the usual civil proceeding. The practice of uniting as petitioners in a partition proceeding all the parties in interest has not only been indulged in for many years but "the practice is sanctioned by the statute." Waugh v. Blumenthal, 28 Mo. 462, 464. A person who has "any interest" in the land sought to be partitioned must "be made a party to such petition," Section 528.060, and if such a person who is entitled to compel partition is named as a defendant in a petition for partition, we can see no reason why he may not ask to become, and with the consent of the court become "a

party to such petition" seeking and requesting partition, and we think this is exactly what occurred in this case. The record in case No. 92,501 affirmatively shows that all the parties in interest who were named as defendants joined Ruby Phelps in seeking and requesting partition, and it is permissible for all such parties, at least when each is entitled to compel partition, to join in such a request, Waugh v. Blumenthal, supra, even if some are minors. Thornton v. Thornton, 27 Mo. 302; Larned v. Renshaw, supra. We need not determine if the guardian ad litem could bind the minor defendants by joining with Nicholas Hocker Phelps in requesting partition, because, assuming he could not, the minors then remained in the partition proceedings as nonconsenting defendants properly served and properly represented by a duly appointed guardian ad litem, and Nicholas Hocker Phelps could compel partition against them, at least as to the remainder in fee which was their only interest, without the consent of their guardian ad litem. Section 528.100 provides that the guardian ad litem of a minor in a partition proceeding is authorized to do and perform any matter or thing respecting the division of lands, as directed in the statutes pertaining to partition proceedings, which shall be binding on the minor ward and deemed as valid to every purpose as if the same had been done by such ward after his disabilities are removed. This authority obviously is necessary when a proceeding involves the interest of a minor in order to have some degree of stability in real estate titles, and this section must necessarily mean that the guardian ad litem in a partition proceeding, as distinguished from a guardian ad litem in other cases, may do more than merely defend against the proceeding, notwithstanding the statement to the contrary in Gray v. Clement, 286 Mo. 100, 111, 227 S.W. 111, 114. We think this section grants authority to the guardian ad litem in a partition proceeding to bind the minor ward in procedural matters, and it has been held that the guardian ad litem can stipulate for

judgment and waive proof as he did in this case. LeBourgeoise v. McNamara, 82 Mo. 189; State ex rel. Rice v. Cayce, 85 Mo. 456; Rolf v. Timmermeister, 15 Mo.App. 249.

Having determined that the partition in this case was in fact ordered by the circuit court at the request of Nicholas Hocker Phelps, among others, who owned one-fourth of the fee, and that the other "parties to the petition," whether named therein as plaintiff or defendant, owned the remainder of the fee, subject to a dower interest which could be sold at the partition sale, what then was the effect on the jurisdiction of the court to order the sale of the land by the fact that Nicholas Hocker Phelps owned, in addition to his one-fourth interest in fee, a life estate in the remaining three-fourths? When the land was not subject to a division in kind, as we must assume this land was not, Nicholas Hocker Phelps could have compelled the sale of all the land subject to his life estate, and in doing so could have had the dower interest of Ruby Phelps sold. By doing this, Nicholas Thomas and Juanita Phelps would have been divested of all their interest in the land, the purchasers would have taken subject to the life estate by curtesy, and the interest of Ruby Phelps would have been disposed of by the sale. In this case, however, it is clear that Nicholas Hocker Phelps sought to have all of his interest in the land, that is, his life estate and his interest in the fee, sold along with the interests of the other parties. In other words by requesting the sale of the fee, he relinquished or abandoned his life estate. While it is true that he could not compel a division of the land to compensate for his life estate, and the owners of the remainder in fee could not compel the sale of his life estate, we can see no reason why he could not, as we think he did in this case, with or without the consent of the minor defendants or their guardian ad litem, relinquish his life estate and request and agree that his life estate be sold, or in other words, that the fee be sold not subject to his life

estate. At least he is the only one who would be entitled to complain that his life estate was sold or in that manner eliminated. The minor defendants were undoubtedly benefited thereby because there can be little doubt that the sale price of the land was substantially higher for the total of the fee than for the fee subject to the life estate.

■ We cannot tell from the record on what basis the proceeds of the sale were divided, but it appears that Nicholas Hocker Phelps probably was awarded something, although erroneously, for his life estate by the trial court. However, if the court had jurisdiction to order the sale, which under the circumstances we think it did, the subsequent division of the proceeds of the partition sale in an improper manner, but not by reason of fraud, does not result in the judgment for partition and the sale held pursuant thereto being void and subject to collateral attack. That is a matter that should have been corrected on appeal, and as previously pointed out, there is no contention that there was fraud in the sale or that the proceeds were improperly or inequitably distributed.

■ This leaves for determination only the question of the effect of Nicholas Hocker Phelps (who was entitled to compel partition) joining with Ruby Phelps (who was not entitled to compel partition but because of her interest had to be a party to any proceeding to partition the land) in requesting partition. In Cherry v. Cherry, Mo.App., 215 S.W.2d 307, it was held that one owning a life estate was not entitled to join as plaintiff in a partition proceeding with persons owning undivided interests in the fee in compelling partition against other owners of undivided interests in the fee. However, that ruling resulted from a direct attack on the petition in the partition proceeding, and not from a collateral attack on the validity of the judgment. As a general rule, a judgment of a court of general jurisdiction which had jurisdiction of the parties and subject matter, as in this case, is not void and open to collateral attack because the petition did not state a cause of action, Meierhoffer v. Kennedy, 304 Mo. 261, 263 S.W. 416; because the pleadings were defective, Dusenberg v. Rudolph, 325 Mo. 881, 30 S.W.2d 94; and certainly not because of a misjoinder of parties properly before the court and who were necessary to the proceeding. Upon careful consideration of all the circumstances, we cannot escape the conclusion that the trial court had jurisdiction of the subject matter and of all the parties; the minor parties were represented by a guardian ad litem as provided by law; the court entered its judgment at the request of all parties, or if it is contended that the guardian ad litem could not so consent then the judgment was entered at the request of Nicholas Hocker Phelps who had the right to compel partition against the minor defendants without the consent of the guardian ad litem; and even though the joinder of Ruby Phelps and Nicholas Hocker Phelps in requesting partition, under the circumstances here, may have been an irregularity subject to correction by motion at the trial or upon appeal, it is not a defect which results in the judgment in partition being void.

■ It is true that the partition proceeding was not entirely regular, and upon motion in the trial court or on appeal the procedure followed probably could have been successfully challenged. It is also apparent, unfortunately, that the trial judge, and also trial counsel, did not display a proper knowledge of the partition statutes or understanding of partition proceedings, but matters which would authorize or even require remedial action on appeal do not necessarily result in the action of the court being void and subject to a collateral attack such as we have here. In proceedings in which a judgment is subjected to a collateral attack, the courts "will not critically and minutely investigate the proceedings of the courts ordering the sales of real estate, where they have general jurisdiction in

such matters, in order to set aside such sales and declare them void. Courts are inclined to uphold judicial sales, and it is very well that such is their tendency; a contrary course would be ruinous in its consequences." Hite v. Thompson, 18 Mo. 461.

In the partition case the trial court had jurisdiction of the subject matter and of the parties. It had jurisdiction to order the sale of the land under the unusual circumstances of the case, and we find no irregularity which necessarily renders void the judgment in partition and the sale made pursuant thereto. Therefore, the judgment of the trial court is reversed and the cause is remanded for the entry of a judgment in conformity with the views here expressed.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court, en Banc.

All concur, except WESTHUES, J., who dissents.