## JOHN WICKISER

### *v.*

## MARGARET C. COOK.

1. GUARDIAN AND WARD—*contracts between, after ward's majority.* The mere fact that the relation of guardian and ward has existed, will not preclude the making of contracts between the two after the guardianship has ceased and the accounts fully and fairly settled. After the fiduciary relation has terminated, and the influences which that relation would necessarily create have ceased to exist, the parties may make contracts, which, if fairly

and honestly made, based upon an adequate consideration, will be sustained.

2. SAME—*conveyance by ward to guardian.* Where a ward, shortly after arriving at age, was induced by her guardian, and before settlement of his accounts, to convey to him her real estate for the expressed consideration of $1300, he paying but $600, and representing that indebtedness amounting to $700 was existing against the land, when such was not the case, it was *held,* that as the conveyance was made upon a misapprehension of facts induced by the guardian, the transaction could not be sanctioned in equity.

3. SAME—*when advance by guardian is a charge on ward's land.* Advances made by a guardian to his ward can not be regarded as a charge upon the ward's land, until an account is presented to the county court and approved.

4. SAME—*right of guardian to have his account settled on bill to set aside conveyance to him.* Where a guardian procures his ward, after coming to her majority, to convey to him her land, even for an adequate price as expressed in the deed, but paying, in fact, not quite half that sum, he making the ward believe there were charges against the land for the amount not paid, upon bill filed by the ward to set aside the conveyance, the guardian can not have allowed to him the sums due him for advances made to the ward, when his account has never been presented to and approved by the county court.

5. CHANCERY—*setting aside a deed—refunding money received.* A party seeking relief in a court of equity must do equity. Therefore, if a ward seeks to avoid a conveyance made by him to his guardian after his majority, on the ground of imposition and misrepresentation of the facts, he will be required to return the whole of the purchase money paid to him, or the land should be ordered to be sold to repay the same, as a condition upon which the sale should be set aside.

APPEAL from the Circuit Court of Cumberland county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. D. T. & D. S. McINTYRE, for the appellant.

Mr. HIRAM B. DECIUS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The questions presented by this record involve the consideration of a sale and conveyance of a tract of land by a ward to a guardian a short time after the ward attained majority. The mere fact that the relation of guardian and ward has existed, will not preclude the making of contracts between the

two after the guardianship has been closed and the accounts fully and fairly settled. After the fiduciary relation has terminated, and the influences which that relation would necessarily create have ceased to exist, no reason is perceived which would debar the parties from making contracts, which, if fairly and honestly made, based upon an adequate consideration, courts may sanction and sustain.

In *Oleler* v. *Sansborn*, 2 Atk. 15, a question of this character arose, and Lord HARDWICK said: In this case it was improper for a guardian to purchase his ward's estate immediately after his arriving of age; but, though it has a suspicious look, yet if he paid the full consideration, it is not voluntary, nor can it be set aside. Perry on Trusts, in discussing the question, (sec. 200,) announces the rule as follows: "While the relation actually subsists, no contracts can be made; but if a contract or conveyance is made by the ward to the guardian, just after attaining his property, and before a full settlement is made, and while the influence of the guardian is in full force, courts will examine it in all its aspects; and the guardian claiming under such a conveyance must satisfy the court that the transaction was fair and proper, and that it did not proceed from undue influence, or from any fear, hope, or any other unworthy motive induced in the mind of the ward by the conduct of the guardian."

In Reeve's Domestic Relations, p. 475, and note, it is announced, in clear and emphatic terms, that a valid contract may be made between guardian and ward shortly after the ward attains his majority, where it appeared a full consideration had been paid, and no undue influence had been exerted. In the cases which we have had occasion to examine, where contracts of this character have been set aside, it appeared in all of them that some undue influence had been exerted over the ward.

The question then arises, whether the sale in this case was made in conformity to the rule announced in the authorities cited. If it was, it may be sustained; otherwise, not. The appellant was appointed guardian in 1867, but he never made

any report of his doings to the county court. In September, 1871, appellee was of age. In June, 1872, she sold appellant the premises. The consideration named in the deed was $1300, but appellee was paid but $600. She was told by appellant that indebtedness amounting to $700 was existing against the land, for which it was liable to be sold. She appeared to rely upon this statement made by her guardian, and under those circumstances she conveyed the land. When appellant obtained the possession of the land in 1870, it was incumbered for $260, due a former occupant. This was the only debt, so far as is shown by the proof, which was a charge upon the land. Appellant obtained for the rent of the property, in 1870 and 1871, $220, which was applied in payment of that indebtedness. When, therefore, the purchase was made, the land was incumbered for only a balance of $40. It may be true that appellee was indebted to appellant for advances made by him as guardian; but his account, whatever it was, had not been presented to the county court and approved, and until that had been done, it could not be regarded as a charge upon the property.

The appellee was, therefore, induced to make the conveyance under a clear misapprehension of the facts, induced by one upon whom she had a right to rely.

There is a conflict in the evidence as to the real value of the land, and we are not prepared to say, in view of all the evidence upon that point, that it was, in fact, worth more than $1300, the consideration named in the deed; and did no other question arise than inadequacy of consideration, the sale might be sustained. But appellant had no right to mislead his ward in regard to the real condition of the property, or purchase for less than its true value, or withhold any part of the consideration. At the time the sale was consummated, in June, 1872, the property was leased for $110 for that year, and if it be true appellant had made advances, as guardian, for appellee, the rents of the land would, in a short time, have been sufficient to liquidate all sums advanced. The necessity, therefore, for a sale of the property, which appellant held out, did not exist.

Under such circumstances, a court of equity can not sanction the sale, and the decree of the court setting it aside was correct. But, under the decree, the court required the complainant to refund only $432 of the purchase money received. We do not fully comprehend the principle upon which that amount was arrived at. When the complainant comes into a court of equity and asks to have a sale which she has made set aside, equity requires that she should, before obtaining the relief, return the amount of money she received. When she seeks equity she must do equity. It would not be equitable to restore to her the property, and at the same time allow her to retain the consideration money which she received for the land.

The appellant, as we understand the proof, actually paid on the purchase of the land $646.35. This amount should have been returned, or the land ordered sold to satisfy the same, as a condition upon which the sale should be canceled.

The other account of appellant, amounting to $646.42, which was claimed to be the balance of the consideration for the land, can not be allowed him in this proceeding. The items composing that account should have been submitted to the county court for the approval or rejection of that tribunal. He has made no settlement with the county court as guardian, and as this account embraces items that relate exclusively to his doings as guardian, we know of no reason why he should not render a final account, and the court, on that settlement, can allow or reject such portion of the account as the evidence may warrant.

The decree will be reversed, and the cause remanded, with directions to enter a decree in conformity with this opinion.

*Decree reversed.*