### CHARLES E. REYNOLDS

*v.*

### MARY ANN McCURRY *et al.*

*Filed at Springfield September 30, 1881.*

1. PARTITION—*jurisdiction of subject matter.* Lands not held in joint tenancy, tenancy in common or coparcenary, are not subject to partition, either at common law or under the statute, and the court will have no jurisdiction of the subject matter of a suit for partition, and therefore a proceeding for the partition of such lands will be absolutely null and void.

2. GUARDIAN AND WARD—*setting aside guardian's sale of ward's land.* A bill by an infant to set aside a sale of his lands under a proceeding by his guardian to assign dower, and for partition between the infant and his mother, which shows that an abundance of means for the support of the ward came to the guardian, and that such infant was the sole owner of the land, subject only to the dower of his mother, and that the guardian and mother entered into an unlawful combination for the purpose of converting his estate to their own use, under which a decree of sale was procured and the sale made, presents sufficient ground for the relief sought.

3. SAME—*ward not bound to tender the purchase money paid to his guardian, before avoiding guardian's sale.* Where a guardian, under a void decree, sells the land of his ward, and appropriates the purchase money to his own use, the ward will not be required to restore to the purchaser the price paid by him as a condition precedent to having the sale set aside.

4. SAME—*when must restore consideration to repudiate contract.* It is the general rule that where the consideration of a conveyance by an infant has been expended so that he is not in a condition to restore it, he may nevertheless avoid the conveyance. It is only when he still has the consideration that he will be compelled to return it.

5. WIDOW—*has no estate in her husband's lands before dower is assigned.* Upon the death of the ancestor the law immediately casts the freehold of land upon the heir, subject to the widow's right of dower. Before assignment of dower the widow has no estate in the land with the heir, but only a right of action.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BROWN, KIRBY & RUSSELL, for the appellant:

The whole proceeding in which the sale was made is void, for want of jurisdiction of the subject matter. It is a proceeding for partition where there was but one heir. The widow had no estate with the heir. She was not a co-tenant, but held a dower interest only. A tenant in dower has no right to demand a partition. Freeman on Partition, 523, 544; *Wood* v. *Chute*, 1 Sandf. Ch. 200; *Coles* v. *Coles*, 15 Johns. 320; *Loyd* v. *Malone*, 23 Ill. 43.

No act done or sanctioned by the guardian can bind a ward as a ratification; nor will he be held to affirm the sale merely on the ground that during his minority the proceeds were applied to his use or for his benefit. *Requa* v. *Holmes*, 26 N. Y. 338; *Wilkinson* v. *Filby*, 24 Wis. 441; Freeman on Judicial Sales, 70.

In the absence of all fraud, a court of equity can not release a purchaser at a judicial sale on the ground that the title fails. The maxim *caveat emptor* applies the same in equity as at law in respect to such sales. *Holmes* v. *Shaw*, 78 Ill. 578; *Bassett* v. *Lockard*, 60 id. 164; *Bishop* v. *O'Connor*, 69 id. 431; *Roberts* v. *Hughes*, 81 id. 130.

An infant who is aggrieved by a decree in chancery may file an original bill for redress. *Loyd* v. *Malone*, 23 Ill. 43.

358          REYNOLDS *v.* McCURRY *et al.*          [Sept.

Brief for the Appellees.   Opinion of the Court.

See, also, *Hodgen* v. *Guttery,* 58 Ill. 431; *Gage* v. *Billings,* 56 id. 268; *Gage* v. *Rohrbach,* 56 id. 262.

Messrs. KETCHAM & HATFIELD, for the appellees:

It is but equitable that if the sale be set aside, it should be upon the repayment of the purchase money paid by the purchasers. *Wickiser* v. *Cook,* 85 Ill. 68.

The purchaser is not bound to see to the application of the purchase money, nor that the guardian rendered a true account. *Mulford et al.* v. *Beveridge et al.* 78 Ill. 460.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Charles E. Reynolds, by his guardian, Ralph C. Curtis, on the 5th of March, 1879, filed in the Morgan county circuit court a bill in chancery against appellees, setting forth, in substance, that his father, Abraham Reynolds, died intestate on the 12th of October, 1868, leaving him surviving, his widow, Mary Ann Reynolds, now Mary Ann McCurry, and complainant, an only child, then about two years old; that the said Abraham, at the time of his death, was the owner of personal property which the administratrix sold for $6758.13, and real estate worth from $11,000 to $12,000, being 250 acres of farming land in Morgan county; that on the 22d day of April, 1871, one Harry Rembach was appointed guardian of complainant, and received as his share of the proceeds of the personal property, after payment of debts, costs, etc., $2269.18, which Rembach converted to his own use; that Rembach, with the design of injuring complainant and depriving him of his inheritance, conspiring with the widow of the said Abraham Reynolds, on the 4th day of August, 1871, filed in the circuit court of Morgan county an *ex parte* petition for the assignment of the widow's dower, *and for the partition of said lands;* that notwithstanding the petition showed upon its face the complainant was the sole owner in fee of said lands, subject to the widow's dower, the court, neverthe-

less, by its order, directed a partition thereof, and for that
purpose appointed commissioners, who reported the lands not
susceptible of partition, and thereupon the court ordered the
lands sold and the proceeds divided between the guardian of
complainant and the widow of the said Abraham Reynolds,
which was accordingly done; that so much of the proceeds
of the sale of said lands as came into the hands of the said
Rembach, as guardian of complainant, was appropriated and
converted by the said Rembach to his own use; that com-
plainant never received any part of said fund, nor derived any
benefit or advantage therefrom. The bill is brought against
the late widow of the said Abraham Reynolds, and the pur-
chasers at the so-called partition sale, and their assignees,
and prays that the said partition proceedings and sale of the
lands be set aside and declared null and void, that complain-
ant be restored to the possession of the same, and that the
purchasers and their assignees be required to account for the
rents, issues and profits.

To this bill the court below sustained a general demurrer,
and entered a decree dismissing the same, and the appellant
brings the record to this court for review.

It is clear, from the facts admitted upon the record, that
at the time of these so-called partition proceedings appellant
was the sole and exclusive owner of the lands in question,
subject to the widow's dower, which was then unassigned.
There was no foundation for any other claim upon them.
After the payment of all debts and expenses of administra-
tion there was a surplus of the personal estate belonging to
complainant, which passed into the hands of his guardian,
amounting to $2269.18, so that there was not the slightest
occasion for selling these lands for his support or mainte-
nance. Indeed, it is not pretended they were sold for any
such purpose, and nothing of that kind is intimated in the
proceedings under which the sale was made. While the
widow had the right to have her dower assigned in the lands,

she had no estate in them, nor was she in any sense a co-tenant with the complainant.

In discussing this subject, Lomax, in his Digest of the Law of Real Property, vol. 1, p. 92, says: "The widow has no estate in the land until assignment, for the law casts the freehold upon the heir immediately upon the death of the ancestor. She is not, until assignment, seized of an undivided third part of the land. Her right rests only in action."

This being so, it clearly follows that the lands in question were not held in joint tenancy, tenancy in common, or coparcenary, and hence they were not, either by the common law or the statute, subject to partition. Rev. Stat. 1874, p. 749; Freeman on Partition and Co-tenancy,.pp. 523, 544; *Loyd* v. *Malone*, 23 Ill. 43.

The lands not being subject to partition, it follows the court had no jurisdiction of the subject matter of the suit, and hence the whole proceeding through which appellees claim title is absolutely null and void. Indeed, this conclusion is not seriously controverted by counsel for appellees. But they insist the demurrer was nevertheless properly sustained to the bill, for the reason that complainant has not refunded, or offered to refund, so much of the proceeds of the sale of the lands as went into the hands of his guardian, and in support of this position *Wickiser* v. *Cook*, 85 Ill. 68, is relied on. In that case it appeared that the ward, shortly *after* she became of age, made a conveyance of a tract of land to her late guardian, and upon a bill filed by her to set the conveyance aside, on the ground of inadequacy of price and undue influence, it was held she was bound to return the money paid to her on the land, as a condition precedent to the relief sought.

The principle upon which that case turned is a very familiar one, and of constant application. It is simply this: "Whoever asks equity must do equity." But the equity which is to be done as the price of the relief sought, depends

much upon the circumstances of each particular case.     In that case the contract was made between two persons capable of contracting, and while the law, by reason of the confidential relations that had lately existed between them, required the guardian to show, when the conveyance was attacked by her, that the transaction was fair and just on his part, it did not authorize her, any more than it would any other adult, to retain the price of the land, or any part of it, and at the same time permit her to repudiate the contract by setting aside the conveyance.     In the present case, while complainant is a mere child, wholly incapable of having the slightest conception of his rights, his guardian and mother enter into an unlawful combination for the express purpose of converting his estate to their own use, and in the execution of this scheme they institute a proceeding in court wholly unauthorized by law, and by some means unaccountable to us succeed in obtaining an order of sale of the land.     The land is sold, and the proceeds divided between the mother and guardian, and the guardian has long since squandered his share of the spoils. Not a cent of the money now remains to be returned to appellees, and no part of it was ever expended for appellant's benefit, and yet it is insisted that unless this money is returned by appellant equity will afford him no relief.     To say so, if the full value of the land was paid at the sale, is equivalent to saying that he must lose his land altogether, or the value of it, which practically amounts to the same thing.     In short, the whole thing was a flagrant outrage on his rights, in palpable violation of law, and from which he has never received one cent's advantage, and to say now he must pay the price of his land, in order to recover it, would be a simple denial of justice.

But even where one has personally enjoyed the benefit of the consideration for a conveyance of land while a minor, he is not bound in every case to restore the consideration before he is permitted to avoid his deed.     The general rule is, that

where the consideration of a conveyance by an infant has been expended, so that he is not in a condition to restore it, he may nevertheless avoid the conveyance. It is only when he still has the consideration that he will be compelled to return it. 1 Wait's Actions and Defences, 142. Any other rule would leave thoughtless, extravagant young persons at the mercy of sharpers and land sharks.

Inasmuch as the guardian of appellant would have had the right to collect the rents and profits of these lands, it may be that the moneys received by him from the purchasers at the so-called partition sale would, in equity, be treated as rents or compensation for the use of the lands during the time they were in their possession or the possession of their assignees, and if so, the purchase money would be a legitimate set-off against the claim of complainant for the rents and profits during the time he has been kept out of possession. But upon this question we at present decline to express any opinion. What is here suggested is done for the purpose solely of directing the attention of counsel to that phase of the case.

The decree of the circuit court is reversed, and the cause remanded, with directions to overrule the demurrer to the bill, and permit the appellees to answer the same, if they shall be so advised.

*Decree reversed.*