## AGNES E. WHITE v. MAUD RUTH SUMMERVILLE et al., Appellants.

**In Banc, June 19, 1920.**

1. **DOWER: Sale of Land: Payment in Gross.** The Dower Act (Art. 16, Ch. 2, R. S. 1909) nowhere provides for the sale of the lands of a decedent's estate in order that the gross value of his widow's dower interest therein may be paid to her in money. It contemplates and provides for only two contingencies: first, the setting apart to the widow for life of one-third of the lands whereof her husband died seized, when this can be done without too much injury to the estate; and, second, when this cannot be done, the payment to her annually of the ascertained yearly value of her dower interest.

2. ———: ———: ———: **Partition.** Under the Partition Act (Sec 2559, R. S. 1909) a dowress, who has a mere dower interest or life estate, cannot maintain an action against the heirs or de

visees to partition the lands of which her deceased husband died seized, and if it be found that partition in kind cannot be made without great prejudice to the parties in interest, have judgment for a sale of the lands and a division of the proceeds among the parties according to their respective rights or interests. A widow who has only a dower interest, and hence no interest in the fee, is neither tenant in common, joint tenant nor coparcener with the owners of the fee and the statute did not change the common-law rule that partition can be maintained only between those who have a common interest, and a partition suit does not lie between a mere life tenant and remaindermen. The dowress, unless she owns an interest in the remainder or the remaindermen consent, cannot, by virtue of the Partition Act, have judgment that the lands be sold in order that the value of her dower be paid to her in money.

3. ——— : ——— : ———: **Mortality Statutes.** The statutes concerning the mortality tables (Sec. 8499 et seq., R. S. 1909) do not confer the remedy of partition where previously it was unavailing; they did not extend the authority of the court to adjudge money to any life tenant in lieu of his estate, to instances or under circumstances theretofore unauthorized, but only prescribed a mode for computing the value of the interest when, according to the law theretofore prevailing, that might be done. They did not authorize the court, independently of the consent of the parties, to allow a gross sum in lieu of dower.

Appeal from Greene Circuit Court.—*Hon. Arch A. Johnson,* Judge.

REVERSED AND REMANDED.

*G. G. Lydy* for appellants.

(1) The petition shows that the lands are not subject to partition and sale. The court erred in ordering the sale of all the lands as in cases of partition, because Sec. 2559, R. S. 1909, defining the estates subject to partition, limits the right of partition to cases where lands, tenements, or hereditaments are held in joint tenancy, tenancy in common or coparcenary. The dowress, before admeasurement of her dower, is not a joint tenant, nor a tenant in common, nor a coparcener. Her right rests in action only, and she takes in severalty.

McClanahan v. Porter, 10 Mo. 462; Belfast Inv. Co. v. Curry, 264 Mo. 499; Waller v. Mardus, 29 Mo. 25; 2 Scribner on Dower (2 Ed.), p. 27; Jodd v. Ry. Co., 259 Mo. 239. An unassigned dower right is not an estate in lands. Jodd v. Ry. Co., 259 Mo. 239; Weatherford v. King, 119 Mo. 58; Farnsworth v. Cole, 42 Wis. 403; Witthaus v. Schack, 105 N. Y. 322; Gooch v. Atkins, 14 Mass. 378; Greenleaf Cruise, chap. 3, sec. 1, note; 10 Am. & Eng. Ency. Law (2 Ed.), p. 146; 5 L. R. A. 520, note; 14 Cyc. 961. And a mere dower right is not sufficient to sustain a petition for partition, at the instance of the dowress. Hurste v. Hotaling, 20 Neb. 178; Ullrich v. Ullrich, 123 Wis. 175; Reynolds v. McCurry, 100 Ill. 356; Wood v. Clute, 1 Sanf. Ch. (N. Y.) 199; Kissel v. Eaton, 64 Ind. 248; Kelsea v. Cleaves, 117 Me. 236; White v. White, 16 Grat. (Va.) 264, 80 Am. Dec. 706; 21 Am. & Eng. Ency. Law (2 Ed.), 1155; 30 Cyc. 180; Freeman on Co-tenancy and Partition (2 Ed.), secs. 456-431-432. (2) The act approved April 8, 1905, now Sec. 8499, R. S. 1909, containing a life annuity table, for estimating the present value of life interests, does not give the widow the right of election to require the owners of the fee to pay a gross sum in lieu of her dower, and the court erred in construing said section as though it did give such right. It has been expressly ruled that the life tenant cannot maintain a proceeding for the sale of the land in order to have the present value of his life interest computed and paid to him in cash. Atkinson v. Brady, 114 Mo. 200; Stockwell v. Stockwell, 262 Mo. 671; Hayes v. McReynolds, 144 Mo. 354. (3) The prevailing rule is that, independent of legislative authority, the courts cannot, without the consent of the parties, allow a gross sum in lieu of dower. Herbert v. Wren, 7 Cranch. (U. S.) 370; Francis v. Garrard, 18 Ala. 794; Francis v. Hendricks, 28 Ill. 64; Bonner v. Peterson, 44 Ill. 259; Blair v. Thompson, 11 Gratt. (Va.) 441; Jarrell v. French, 43 W. Va. 456; Ellguth v. Ellguth, 250 Ill. 214; Lee v. James, 81 Ky. 446.

*F. B. Williams, Val Mason* and *Watson & Page* for respondent.

(1) Equity has jurisdiction of dower. 1 Pomeroy, Equity Jurisp. (3 Ed.) sec. 280; 4 Pomeroy, Equity Jurisp., sec. 1382; 5 Pomeroy, Equity Jurisp., sec. 6; 6 Pomeroy, Equity Jurisp., sec. 691; Menifee v. Menifee, 8 Ark. 9; 14 Cyc. 979; Devorse v. Snider, 60 Mo. 235. (2) The statute, R. S. 1909, sec. 8499, creates in the dowress a right to have her dower computed in money, she being willing to accept a gross sum in lieu thereof. Dougherty v. Dougherty, 204 Mo. 228; Millard v. Beaumont, 194 Mo. App. 79. The courts have permitted a dowress, at her own suit, to have her dower commuted to a gross sum, applying the tables of mortality in the computation, and have made the same a lien upon the whole estate. Dougherty v. Dougherty, 204 Mo. 228; Brown v. Brown, 35 Mich. 415; Hogg v. Hensley, 100 Ky. 719; Fitts v. Craddock, 39 So. (Ala.) 506; Carlin v. Mullery, 83 Mo. App. 39; Gucker v. Kopp, 152 N. Y. Supp. 370. (3) There being no remedy provided by statute for the enforcement of this right, equity will supply the remedy, under the influence of the maxim, "Equity will not suffer a right to be without a remedy." 16 Cyc. 133; Albany County v. Durant, 9 Paige (N. Y.) 182; Balch v. Beach, 95 N. W. (Wis.) 135. (4) Dower is a legal, equitable and moral right, favored in a high degree by law and next to life and liberty held sacred. 14 Cyc. 885; Mandel v. McClave, 46 Ohio St. 407; In re Alexander, 53 N. J. Eq. 96; Bishop v. Boyle, 91 Ind. 169. (5) Partition is a proper proceeding in which to assign dower, and also homestead, and the rights of the parties can be adjusted in this suit. Colvin v. Havenstein, 110 Mo. 583; Weatherford v. King, 119 Mo. 58. (6) The uncontradicted evidence shows that the plaintiff is entitled to dower in all the lands described in her petition, and the decree of the court to this effect must be affirmed regardless of the validity of appellant's con-

tentions that the decree is erroneous in ordering the lands sold for the purpose of paying her a gross sum in lieu of dower in kind.

GOODE, J.—The purpose of this action, so far as the controversy on the appeal is concerned, is to procure the sale of four parcels of land, of which James M. White, late of Greene County, Missouri, died seized on October 31, 1909, and to have the value of plaintiff's dower interest in said lands ascertained according to the Mortality Statutes of this State, and paid to her in money. Alternative reliefs were prayed in the petition, i. e., first, that the value of plaintiff's dower interest be ascertained and adjudged a lien on the lands until paid; second, that said dower interest be set off to plaintiff in kind, and the portion set off, sold, etc. The court below found, in the judgment, these facts: that said James M. White died on the date mentioned, seized of the four tracts of land, describing them; that plaintiff was the widow of the deceased and nineteen years old when he died; that defendants Maud Ruth Summerville, Mary Elizabeth Speaker and Estella Eugenia White were the only heirs at law of the deceased; that the defendant Jay F. Summerville was the husband of Maud Ruth Summerville and the guardian of the person and curator of the estate of Estella Eugenia White, who is of unsound mind, and John W. Speaker was the husband of Mary Elizabeth Speaker; plaintiff was entitled to a dower interest in the real estate, which has never been set off or assigned to her; she was not in possession of any of the land and had never received any rents or profits therefrom; she was willing to accept a gross sum in lieu of her dower. Wherefore it was considered, adjudged and decreed that a gross sum of money be paid to plaintiff by defendants in lieu of her dower interest in said lands; and as all the parties could not agree as to their value, the land should be sold and the "gross sum be estimated according to the value of the annuity at six per cent on one-third of the proceeds arising from the sale of the real estate, during

the probable life of the plaintiff, according to the tables of mortality as contained in Chapter 82, Sections 8499 to 8501, Revised Statutes 1909, inclusive.'' The sheriff was ordered to sell the lands in separate tracts to the highest bidder for cash in hand, or at the option of the purchaser, one-half cash and the balance in secured notes, and to deliver to the purchaser a deed ''conveying all of the right, title and interest of the plaintiff and defendants, of, in and to the real estate above described and by him sold.'' That after paying the costs of the action and of the sale, etc., plaintiff should be paid out of the proceeds ''the gross sum above provided for,'' the remainder ''to be paid to Maud Ruth Summerville, Mary Elizabeth Speaker, and Jay F. Summerville, guardian of the person and curator of the estate of Estella Eugenia White, a person of unsound mind, in equal parts or one-third each.'' From that judgment defendants appealed.

The first of the tracts of land involved in the action contains fifty acres and lies near the City of Springfield. The second tract contains ninety-five acres, and also lies near said city. The third tract is a lot in Hobart's First Addition to said city (Lot 3, Block 4), and the fourth tract consists of the west half of Lot Seven, and the east fourteen feet of lot Eight, Block Thirty-seven, of the original plat of North Springfield, in the City of North Springfield.

The petition averred the first tract was worth about five hundred dollars, the second about four hundred dollars an acre, or more than forty thousand dollars; the third, four hundred dollars, and the fourth $3500; averred further than none of the tracts produced any net income except tract four, on which there is a livery barn which rents for thirty dollars a month. The petition said further that Tract Two, although of large value, did not yield enough income to pay the taxes against it, and could only be made to produce a net income by dividing it into town lots and erecting buildings thereon; that if dower in kind was assigned to plaintiff out of Tract Two,

the same would be worthless to her because the land could not be made to yield any income in its present condition; that dower in kind in said tract would have no substantial market value, because a life estate cannot be sold on the market; that she would be unable to improve her dower if assigned to her in kind, because she could not borrow money on her dower interest with which to improve the dower estate; that dower out of the rents and profits could not be assigned to her, for the land did not yield any; further, that to set apart her dower in kind would do great injury to her interest and would defeat the intent of the law relating to dower, by depriving her of a beneficial interest in the lands.

The answer charged the plaintiff with collecting rents and profits from the lands, and alleged the defendants had paid the taxes on them, asking an accounting as to those matters.

Plaintiff's reply denied the collection of rents and profits by her or the payment of all the taxes by defendants. Those minor matters do not concern the appeal.

The plaintiff offered to prove the value of the different parcels, and that Tract Two was worth seven hundred dollars an acre; whereas the income value of it would not exceed four dollars an acre. Offered further to prove the issuance of tax bills for road improvements against said tract. All of that sort of evidence was excluded by the court; also evidence offered by plaintiff to prove the land was not susceptible of division in kind.

Defendants requested three declarations of law, which the court refused and exceptions were saved to the rulings. The tenor of the first declaration was that plaintiff was not entitled to demand the sale of the lands and the court had no jurisdiction to order the sale, either under Section 8499, Revised Statutes 1909, to-wit, the Mortality Statutes, or under Chapter 22, Revised Statutes 1909, providing for the partition of real estate. The second declaration was that if the Mortality Statutes (Sec. 8499 et seq.) authorized the sale of real estate for the purpose of paying a widow the value of her dower

interest in money, it was in violation of the Constitution of the State in that no such purpose or authority was expressed in the title of the act as it was approved April 8, 1905. The third request was that the action was governed by Article XVI of Chapter 2, Revised Statutes 1909, relating to estates of dower and the assignment of them.

The article relating to dower provides for the setting apart in kind to the widow of her dower interest, if it is susceptible of division in kind without great injury thereto; if it is not, the yearly value of the interest may be assessed by a jury and judgment rendered that there be paid to the widow, annually during her life, as an allowance in lieu of dower, the sum so assessed as the yearly value. [R. S. 1909, Art. XVI, Ch. 2.] The article nowhere provides for the sale of all the lands of a decedent's estate in order that the gross value of the widow's dower interest therein may be paid to her in money; but contemplates and provides for only two contingencies: first, the setting apart to the widow for life of one-third of the lands whereof her husband died seized, when this can be done without too much injury to the estate. Second, when it cannot be, the payment to her annually of the ascertained yearly value of her dower interest.

It is contended for plaintiff the partition statutes afford a dowress the option of another remedy by action against the heirs or devisees of her deceased husband, to partition the land of which he was seized at his death between her and said heirs or devisees, and if it is found in the action that partition in kind cannot be made without great prejudice to the parties in interest, a sale of the land may be ordered and the proceeds divided among the parties according to their respective rights and interests.

"In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein,

whether adults or minors, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests.'' [R. S. 1909, art. 11, ch. 22, sec. 2559.]

At common law a suit by a dowress for partition would not lie against the owners of the fee, for the reason that there was no common interest between her and said owners, and the remedy of partition was only available as between co-owners. [Hurste v. Hotaling, 20 Neb. 178; Ullrich v. Ullrich, 123 Wis. 176; Reynolds v. McCurry, 100 Ill. 356; Wood v. Clute, 1 Sandf. Ch. (N. Y.) 199; Riker v. Darke, 4 Edw. Ch. (N. Y.) 668; Kissel v. Eaton, 64 Ind. 248; Kelsea v. Cleaves, 117 Maine, 236; In re Culver, 104 Atl. 784; White v. White, 16 Grat. (Va.) 264; 21 Am. & Eng. Ency. Law (2 Ed.), 1156; 30 Cyc. 180; Freeman, Co-Tenancy & Part. (2 Ed.) secs. 456, 431, 432.] The quoted section of the chapter on partition (2559) although it includes estates less in quantity than the fee, and among them dower estates, as being subject to its terms, and says any party having a dower or other life interest in land, as well as parties who own an interest in the fee, may petition to have the life interest set off and the remainder partitioned among the owners of it, has never been held to have so far changed the rule at common law as to entitle a widow, merely by virtue of her dower interest, or any owner of a life estate, to maintain partition as against the owners of the fee. The widow, or other life tenant, is neither tenant in common, joint tenant nor coparcener with the fee owners. [McClanahan v. Porter, 10 Mo. 746.] And at common law only those owners were entitled to have lands partitioned among them; the remedy of partition being accorded where there was a common interest between the parties invoking the reme-

dy and the party against whom it was invoked. [Chick-amauga Trust Co. v. Lonas, L. R. A. 1918D, 451, and cases cited in note.] We have lately had occasion to examine this question and to review the decisions in this State dealing with it. [Carson v. Hecke, 282 Mo. 580, 222 S. W. 850.] In the cited case it was held partition would not lie in favor of the holder of a title for life against the remaindermen, unless the life tenant also owned an interest in the remainder. The present plaintiff has no interest in any of the lands she seeks to have sold, except as dowress; therefore plaintiff cannot obtain, by virtue of the Partition Statute, a sale of the lands in order to pay over to her the value of her dower in money, any more than she can obtain it under the Dower Statutes in an action to have the gross value of her dower ascertained and paid to her.

It follows that if this action is maintainable, it is because a remedy which did not exist before, is conferred by the Mortality Statutes or life tables, first enacted in 1903, and amended in 1905 (Laws 1903, p. 167; Laws 1905, p. 139; R. S. 1909, sec. 8499 et seq.) The prevailing rule is that independent of the consent of parties, the court cannot allow a gross sum in lieu of dower. [Herbert v. Wren, 7 Cranch. [U. S.] 370; Francis v. Garrard, 18 Ala. 794; Bonner v. Peterson, 44 Ill. 259; Blair v. Thompson, 11 Gratt. (Va.) 441; Jarrell v. French, 43 W. Va. 456; Ellguth v. Ellguth, 250 Ill. 214; 10 Am. & Eng. Ency. Law (2 Ed.), p. 161; Lee v. James, 81 Ky. 443, 446.]

In the case of Carson v. Hecke, cited above, we decided that the statutes concerning the mortality tables did not confer the remedy of partition where previously it was unavailable; and, further, that they did not extend the authority of the court to adjudge money to any life tenant in lieu of his estate, to instances or under circumstances theretofore unauthorized, but prescribed a mode for computing the value of his interest when, according to the law theretofore prevailing, this might be done. The point in decision in that case regarding the

effect of the statutes prescribing tables for the computation of life interests is the exact point involved here, and we refer to the opinion for our conclusion about the matter and the reasons on which it was based.

The judgment is reversed and the cause remanded. All concur except *Woodson, J.*, absent.