William Lester Collins, by his guardian and next friend, Helen Collins, Plaintiff in Error, v. Peters Real Estate Improvement Corporation and Albert Despres, Defendants in Error.

Gen. No. 32,962.

Opinion filed April 17, 1929.

P. R. Boylan, for plaintiff in error.

Harold L. Feigenholtz, for defendants in error.

Mr. Presiding Justice Holdom delivered the opinion of the court.

In this action the plaintiff, William Lester Collins, a minor, by his next friend and mother, Helen Collins, brought this suit in an attempt to recover $300, paid to defendants under a contract to buy a certain house and lot in Villa Park, Cook county, Illinois. Plaintiff minor disaffirmed the contract on the ground of his minority and demanded the return of the earnest money, $300, by defendants, which they refused. There was a trial before court and jury. At the close of plaintiff's case defendants moved for an instructed verdict in their favor, which the court granted, and the jury returned a verdict accordingly, upon which a judgment of *nil capiat* and for costs was entered, to which the usual objections and exceptions were made and the case is before us on plaintiff's appeal.

There really is but one question material to the issues here involved, and that is, was the plaintiff a minor at the time his mother executed the contract and paid $300 as earnest money thereon. The contract recites that he is a minor, his mother testified that he was, and the fact was further proven by a certificate from the Department of Health of the City of Chicago, and the minor also so testified. We will therefore assume from the fourfold proof that the fact of plaintiff's minority is established. Another fact in evidence, uncontradicted, is that the $300 was plaintiff's money earned by him.

In the complaint of plaintiff he averred that he disaffirmed the contract and demanded the return of the $300 by reason of his minority. The questions arising under the contract, saving only the demand for the return of the earnest money to plaintiff, are of no moment. Being a minor his contract did not bind him, and he had a right to demand the return of the money paid by him thereunder. There being no dispute as to the minority of plaintiff, and that the $300 paid was his money, the court erred in instructing a verdict against him and entering a judgment thereon.

The contract was an executory one and the minor had a right to disaffirm it during his minority or thereafter. There is, in law, no distinction between executed and executory contracts so far as the right of disaffirmance is concerned.

In *Chicago Mut. Life Indemnity Ass'n v. Hunt*, 127 Ill. 257, the court made use of the following language:

"If an infant performs the conditions prescribed in the certificate, he, the same as an adult, becomes entitled to the benefits thereby secured. If he fails to perform, his membership ceases, and that is all. We do not assent to the view that, as a further consequence of his disability, he may recover back the dues and assessments he may have already paid. 'If an infant advances money on a voidable contract which he

afterwards rescinds, he cannot recover this money back, because it is lost to him by his own act, and the privilege of infancy does not extend so far as to restore this money unless it was obtained by fraud.' 1 Parsons on Contracts, 332.''

In *Wuller v. Chuse Grocery Co.*, 241 Ill. 398, the court made the following comments upon the foregoing *dicta:*

''This language of the court used in argument was not essential to the decision and the quotation from Parsons is at variance with authority and the doctrine now accepted. If the fact that the payment of money upon his contract was voluntary precluded its recovery, the right to avoid the contract would be no protection to an infant against his inexperience and the wiles of swindlers and cheats. Such voluntary payment may be recovered upon the avoidance of the contract. *(Shurtleff v. Millard,* 12 R. I. 272; *Robinson v. Weeks,* 56 Mo. 102; *Ruchisky v. De Haven,* 97 Pa. St. 202.) The consideration, or such part of it as remains in the possession or control of the minor, must be returned, but if he has lost or expended it, so that he cannot restore it, he is not obliged to make restitution. *(Craig v. Van Bebber,* 100 Mo. 584; *Reynolds v. McCurry,* 100 Ill. 356.) Contracts concerning personal property and executory agreements may be avoided by the infant either during or after his minority. *(Childs v. Dobbins,* 55 Iowa 205; *Chapin v. Shafer,* 49 N. Y. 407; *Robinson v. Weeks,* supra.)''

Plaintiff since starting this action has reached his majority. He can therefore on his own motion further prosecute this suit in his own name. He may then, if he sees fit, repudiate the contract and seek a judgment for the amount which he paid to defendants.

The judgment of the municipal court is reversed and the cause is remanded for a new trial in accord with the views in this opinion expressed.

*Reversed and remanded.*

WILSON and RYNER, JJ., concur.