JOHN R. DUNCAN, Plaintiff in Error, v. THOMAS T. DUNCAN, LOTTIE JOHNSON, BESSIE GREEN, ALTA GREEN, DAVID DUNCAN and WILLIE M. DUNCAN.—23 S. W. (2d) 91.

Division Two, December 11, 1929.

168

*Garrett & Ruark* and *J. B. McGilvray* for plaintiff in error.

DAVIS, C.—This is a partition suit. The questions presented involve the right of the heirs to maintain a suit for compulsory partition of real estate against the will of the widower of an intestate decedent, as·well as the extent of the marital estate of the widower in said real estate. The trial court sustained a demurrer of the widower to plaintiff's amended petition, and entered judgment dismissing the amended petition and for costs against plaintiff. Plaintiff appealed.

The petition, omitting caption and signatures, reads:

"Now on this day comes the plaintiff in the above entitled cause and for his amended petition in this cause states that he and the defendants are seized of, and are the joint owners in fee of the following· described real estate situate in Jackson County, Missouri, to-wit:

"All of the Northwest· Quarter of the Southeast Quarter of Section Thirty (30), Township Forty-eight (48), Range Thirty-two (32), Jackson County, State of Missouri.

"Plaintiff states that the interest of this plaintiff and of the defendants Thomas T. Duncan, Lottie Johnson, Bessie Green, Alta Green, David Duncan and Willie M. Duncan, is acquired by inheritance as heirs of Anna Duncan, deceased; that the said Anna

Duncan departed this life intestate on the 4th day of March, 1924, and at the date of her death was the owner in fee of above described property; that letters of administration were taken out upon the estate of the said Anna Duncan in the Probate Court of Jackson County, Missouri, on the — day of —, 1924, by the defendant Willie M. Duncan, and that the said Willie M. Duncan was duly appointed administrator of said estate on the —— day of ——, 1924.

"Plaintiff states that the share of said land to which he is entitled is an undivided one-sixth interest in and to the above described real estate, subject to the dower of the defendant, Willie M. Duncan.

"Plaintiff states that the interest of the several defendants therein are as follows: That the defendants Thomas Duncan, Lottie Johnson, Bessie Green, Alta Green and David Duncan are each entitled to an undivided one-sixth interest in and to the above described real estate, subject to the curtesy or dower of the defendant Willie M. Duncan.

"Plaintiff further states that the defendant Willie M. Duncan is the widower of the said Anna Duncan, deceased, and has, or claims to have some right or interest in and to said real estate by virtue of his marital rights; that the curtesy or dower of said defendant Willie M. Duncan, if he is entitled to same, has never been admeasured or set off.

"Plaintiff states that, though the estate of Anna Duncan is not fully administered, the personal property belonging to said estate is more than sufficient to pay all claims and debts against the estate.

"Wherefore, plaintiff prays that partition of said lands may be made between the parties plaintiff and defendant according to their respective interest therein, and if partition in kind cannot be made without great prejudice to the plaintiff and defendants respectively that the same may be ordered to be sold and the proceeds divided between said parties, according to their respective interests, and for such other orders, decrees and relief as to the court may seem meet and just in the premises."

The record advises that a trial was had and evidence introduced, which comprised statements by counsel and the admission of the truth of the statements. The record shows that Anna Duncan died intestate on March 4, 1924, and was, at the time of her death, the owner in fee simple of the land described in the petition. She left surviving her, her husband, Willie M. Duncan, and plaintiff and the remainder of the defendants her children. Anna Duncan acquired the real estate November 7, 1903. Prior to this date living children were born to Willie M. and Anna Duncan.

I. A question arises as to whether defendant Willie M. Duncan, the husband of Anna Duncan, who died seised of the property described, had an estate of curtesy in the land. There are two gradations to an estate by the curtesy, to-wit, curtesy initiate and curtesy consummate. The requisites or elements of the estate of curtesy initiate are: (1) marriage; (2) seisin in the wife during coverture; and (3) issue born alive before the wife's death and capable of inheriting the estate. In addition to the above requisites, curtesy consummate includes the death of the wife. When these requisites respectively attach, both curtesy initiate and curtesy consummate are vested estates. [17 C. J. 416.]

We have ruled that the Married Woman's Act of 1889 abolished the estate of curtesy initiate (Riggs v. Price, 277 Mo. 333, 210 S. W. 420), and we need not discuss it further. This ruling conforms to the general ruling on the subject. [17 C. J. 417.] However, this ruling does not apply to an estate of curtesy initiate that vested prior to the passage of the Married Woman's Act of 1889. [Powell v. Powell, 267 Mo. 117, 183 S. W. 625.] But, as Anna Duncan did not become seised of the property sought to be partitioned herein until 1903, it is evident, under our ruling, that her husband never became vested with an estate by the curtesy initiate in said land, for the Married Woman's Act of 1889 had therefore abolished such estate.

Relative to curtesy, the General Assembly enacted an act (Laws 1921, p. 119), reading:

"The estate which a widower may have in the real estate of his deceased wife known as 'tenancy by the curtesy,' is hereby abolished, and in lieu thereof the widower shall have the same share in the real estate of his deceased wife that is provided by law for the widow in the real estate of her deceased husband, with the same rights of election and the same limitations thereto; provided that nothing contained in this act shall be so construed as to defeat any estate by the curtesy which shall have vested prior to the date of taking effect of this act."

The Act of 1921 does not purport to affect an estate by the curtesy initiate, for it purports to abolish only the estate which a widower may have in the real estate of his deceased wife, to-wit, curtesy consummate. Thus we see that the Married Woman's Act of 1889 abolished curtesy initiate, and the Act of 1921 abolished curtesy consummate. These abolishments of the respective estates took place and existed before respectively the estates of curtesy initiate or curtesy consummate attached and vested in the defendant widower. At the time Anna Duncan became seised of the land in 1903, there was no estate of curtesy initiate in her husband, for the Married Woman's Act had abolished it, and, so far as curtesy

initiate in the property was concerned, it had never attached or existed. At the time of her death, there was no estate of curtesy consummate in her widower, for the Act of 1921 abolished it, and, consequently, it never came into existence or vested.

It is true that, prior to the quoted Act of 1921, the defendant, Willie M. Duncan, had what might be termed an inchoate . expectance or contingency of curtesy consummate in the lands of his wife. This was only an expectancy or hope, however, for it was her privilege to sell or dispose of such lands without his consent during her life (Farmers Exchange Bank v. Hageluken, 165 Mo. 443, 65 S. W. 728), and thus defeat the expectancy of curtesy consummate. In any event, such expectancy was not an estate in her lands, and the expectancy was the subject of abolishment by the Legislature at its discretion. We are unable to conceive of any estate other than curtesy initiate that vests in a husband by virtue of the marital relation and operation of the law prior to the death of the wife. It follows that an estate by the curtesy initiate never vested or existed in the widower as to said property. It also follows that, as the Act of 1921 abolished it, an estate of curtesy consummate never vested or existed in the widower. It further follows that he became endowed, by virtue of said Act of 1921, with a life interest in a one-third part of his wife's lands of which she died seised.

II. The amended petition alleges that plaintiff and defendants are joint owners of the described property, and that plaintiff and five of the defendants are entitled to a one-sixth interest each in said property subject to the curtesy or dower of defendant, Willie M. Duncan, widower of Anna Duncan, deceased, and that he has or claims some interest by virtue of his marital rights and that his curtesy or dower has never been admeasured. Plaintiff then prays partition in kind and, if that cannot be made without great prejudice, that the property be sold and the proceeds divided between said parties according to their respective interests.

It is evident that, in pursuance to the act mentioned (Laws 1921, p. 119), a widower of a deceased wife is entitled to the same rights in her property that she is given by statute in his property, provided that an estate by the curtesy had not theretofore vested in him. This share is a one-third interest for life in the real estate that the wife owned at the time of her death.

Section 1995, Revised Statutes 1919, sanctions a suit for the partition of real property. It is said in Gray v. Clement, 286 Mo. 100, 227 S. W. 111, that the. only estates authorized by the section to be partitioned are estates which are coterminous and not successive; co-tenants of a life estate may have partition of their life estate

which would not affect the remainder; or, remaindermen, tenants in common, may have .a partition of the remainder subject to the life estate. In Byars v. Howe, 311 Mo. 14, l. c. 26, 276 S. W. 43, it is said: "But there is no authority for a partition between the life tenant and a remainderman." [Stockwell v. Stockwell, 262 Mo. 671, 172 S. W. 23; Carson v. Hecke, 282 Mo. 580, 222 S. W. 850; White v. Summerville, 283 Mo. 268, 223 S. W. 101.] The right to partition, however, under certain conditions, has been bestowed upon the life tenant by Section 1995-a, page 139, Laws 1925, as we later show.

As there is no question but that the widower, Willie M. Duncan, had what may be termed "dower" under our statute in his wife's real estate, that is, an interest for his life in one-third of her lands of which she died seised, no doubt obtains but that his interest was not coterminous with that of Anna Duncan's heirs. He was neither a joint tenant nor a tenant in common nor a coparcener with them. Consequently, neither the heirs, nor any one of them, could by a partition suit require a sale of the land and force the widower, against his will or consent, to take compensation in money in lieu of his dower (or life interest) in one-third of the real estate, unless it is made to appear from the nature of the land that it is impossible to assign dower to him. We rule that the widower of the deceased owner of the entire fee-simple estate has the right to have his dower interest in one-third of the lands admeasured and set off to him, and that the heirs of the wife cannot compel a partition and sale of the entire fee in the land against his will. They must first have admeasured and assigned to him his legal dower. In other words, he has the right to occupy, use or enjoy the land itself, and he cannot be forced to take money compensation for his dower interest.

We have not been able to find a case, where the facts show that the deceased spouse owned at death the entire interest in the land in fee simple, that permits in partition the sale of the entire fee and requires the surviving spouse to take money compensation in lieu of dower without consent. The cases rule to the contrary. We find this terse expression of the court in White v. White, 16 Gratt. (57 Va.) 264, l. c. 267, 80 Am. Dec. 706, reading:

"The court is of the opinion that as it is not made to appear that it was impossible to assign to the appellant her dower of and in the real estate of her husband, it was not competent for the court of equity, in the exercise of its general power, to decree a sale of the whole property, and to provide a compensation in money to the appellant in lieu of her dower, against her will and without her consent, however much it might be to the interest of the heirs at law of the decedent to have a sale of the whole estate and a monied

174

compensation allowed to the appellant, instead of a sale of two-thirds of the estate and the remainder in the life estate of the widow. . . . A widow, entitled to dower in the estate of her deceased husband, is neither a joint tenant, coparcener, nor tenant in common with the heirs at law."

In Gilleylen v. Martin, 73 Miss. 695, 19 So. 482, the court say: "The petition for partition did not ask to have the dower assigned and the remaining two-thirds of the land partitioned, but to have the whole land partitioned into five equal shares in fee simple. With an outstanding, subsisting, unassigned dower, the land was not the subject of partition." [See also Wood v. Clute, 1 Sandf. Ch. (N. Y.) 199; Freeman on Cotenancy & Partition (2 Ed.) p. 568, sec. 532; 19 Ann. Cas. 810.]

While the widower's dower right in the land was not the subject of partition or sale, and while he possessed the right to have it admeasured and assigned to him, still plaintiff and the other defendants, after dower assigned, have the right to have the remaining two-thirds interest in fee partitioned in kind or sold, as well as the right to have partitioned in kind or sold the remainder interest in the one-third interest assigned as dower to the widower for life, subject, of course, to the life estate of the widower therein.

III. Plaintiff maintains that the General Assembly, by virtue of the enactment of two sections (Secs. 1995-a and 1995-b, pp. 138-140, Laws 1925) has sought to enlarge rather than restrict the right to maintain partition suits. Section 1995-b has to do only with persons to be made parties to the suit; providing, however, for the appointment of an attorney to protect persons in whom an interest might vest.

Section 1995-a, we think, bestows the right and gives the power, under certain conditions, to the life tenant only, or to one who has the immediate right to the enjoyment thereof, to partition real estate as against those whose interests are not coterminous. That the section limits the power to partition lands to an interest held by a tenant for life in the premises, and that it does not give such power to the remaindermen, is demonstrated by the context that "any person or persons holding the estate or an interest in the estate, carrying the right of immediate use and enjoyment of such lands, may sue in equity for sale of such lands or any of the same upon the ground that the life or other estate of immediate enjoyment is burdensome and unprofitable for that the cost of paying the taxes and assessments thereon and holding, maintaining, caring for and preserving the lands from waste, or injury, and deterioration, exceeds the reasonable value of the rents and profits thereof, and that a greater income can probably be had from proceeds of a sale thereof invested in bonds of the United States or of Missouri

or some municipality or school district thereof or first lien mortgage loans upon lands situate in this State;'' etc. The section clearly gives to the person holding an estate, or an interest in the estate, who has the right to the immediate use and enjoyment of such lands, the power to bring a suit in equity, under certain conditions, to have the fee in such lands sold. By implication, it as clearly denies the remaindermen or any one, whose right to the use and enjoyment of such lands is postponed, the power in equity to have the fee in the lands sold. The purpose of the act was to relieve a life tenant of the unwarranted burden of carrying property that conditions had rendered unprofitable and burdensome. It does not purport to give the remaindermen any further or greater rights in and to partition of land than they theretofore had. The act does not aid plaintiff in this case.

IV. Section 1995, Revised Statutes 1919, which authorizes the partition of real estate by suit, expressly permits the admeasurement and setting off of any dower interest where the petition requests it. [Colvin v. Hauenstein, 110 Mo. 575, 19 S. W. 948.] It is noted that the petition does not request it. However, the judgment is reversed and the cause remanded with directions to the court to permit plaintiff, if he is so advised, to amend his petition requesting the admeasurement and setting off of the widower's dower interest in one-third of the real estate, and to ask for the partition in kind or the sale of the fee of the remaining two-thirds interest, after dower has been assigned, and to also ask for the partition in kind or the sale of their remainder in one-third of the real estate assigned to the widower as dower, if he is so advised; or to request the admeasurement of dower to the widower, and the partition in kind or sale of the remaining two-thirds interest not assigned to the widower as dower; otherwise, to render judgment for defendant Willie M. Duncan. [Mann v. Bank of Greenfield, 20 S. W. (2d) 502.]

The judgment is reversed and the cause remanded. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, J.,* absent.